The Commonwealth v. The Owensboro & Nashville R. R. Co.

tion of its payment, and the chancellor ought to have so held.

Wherefore, the judgment is reversed, and cause remanded for further proper proceedings.

CASE 90—REVENUE—JANUARY 24, 1884.

# The Commonwealth v. The Owensboro & Nashville Railroad Company.

APPEAL FROM FRANKLIN CIRCUIT COURT.

1. Where the Commonwealth undertakes to litigate with a citizen or corporation, the latter may, by set-off or counter claim, defeat the recovery of the State; but in the absence of some special legislative authority, the defendant can not have judgment over against the Commonwealth.

2. Where a railroad charter contains an immunity from taxation, it is only a personal privilege, pertaining alone to the original company, and can not be transferred.

3. But where the charter provides, as an inducement to purchasers, that they shall have immunity from taxation until the road be completed, the purchaser is not bound for revenue until the completion of the road.

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLANT.

Conceding that the amendment to the charter of the original company provides that the company "shall be exempt from taxation till completed," and they never completed the road, still I insist that appellees, the present company, are not permitted to appropriate to themselves this gracious provision.

It was not in the nature of a granted right to the original corporation, was not passed for five years after they had been enjoying their franchise under the original charter, and was at any time subject to repeal.

Appellees, as purchasers of the road, could not purchase the franchise. It was a personal privilege, and could neither be sold or transferred. (Evansville, Henderson & Nashville R. R. Co. v. Commonwealth, 9 Bush, 43.)

The taxing power of the State is never presumed to be relinquished unless the intention to do so is plainly declared. (Philadelphia & Wilmington R. R. Co. v. St. Maryland, 10 Howard, 736; Bradley v. McAtec, 7 Bush, 667.)

The act of 1878, General Statutes, 1252, taxing railroads, applies to this as well as to all other roads, and repeals the amendment relied upon.

The Commonwealth v. The Owensboro & Nashville R. R. Co.

JNO. & J. W. RODMAN AND C. S. GRUBBS FOR APPELLEE.

The first amendment to the charter of the Owensboro & Russellville Railroad Company relied upon was approved January 27, 1882, providing that the company shall be exempt from taxation till completed. The evident intention of the legislature is that the road, until completed, shall not be subject to taxation on account of its unfinished condition.

The General Statutes, 957, provide that purchasers of railroads are entitled to "all the franchises, powers, rights and privileges belonging to the old company."

But by an amendment to the charter, approved January 27, 1882, as an inducement to purchasers of the road, it is provided that the purchaser of the road shall have all the rights, privileges and *immunities* of the old company.

Bouvier defines an "immunity" to be an exemption from performing duties. Webster defines it to be an exemption from any charge or duty—an exemption from a tax. The purchaser buys the road under this inducement, and the Commonwealth can not refuse to discharge its contract. (Elizabethtown & Pad. R. R. Co. v. Commonwealth, 12 Bush, 233.)

The General Statutes taxing railroads, although passed after the amendments relied upon, do not repeal them. (Commonwealth v. Cain, 14 Bush, 553; Thorp v. Adams, Law Rep., 6; Common Pleas, 125; 6 Iredell, 153; Nunes v. Wellicsh, 12 Bush, 364; 4 Ark., 410; Commonwealth v. Weller, 14 Bush, 218.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This is an action by the State against the Owensboro & Nashville Railroad Company to recover taxes alleged to be due for the years 1881 and 1882. The right of recovery is denied by the railroad company, with the further response that by mistake of law and fact it paid the amount of taxes for the year 1880, and seeks to have it paid back by the State.

There is no legislative authority for the institution of the, action by way of set-off or otherwise against the State, and though the appellee is not liable for the taxes due and assessed for the years 1881 and 1882, the court still can not render a judgment in favor of the appellee against the State for the amount of the taxes paid for the year 1880. When

the State undertakes to litigate with the citizen, the latter may, by way of set-off or counter claim, make such defense as will defeat the recovery, but is not entitled to a judgment over against the State in the absence of some legislative enactment authorizing the recovery.

The court will consider only the claim for taxes for the years 1881 and 1882, and if the State is not entitled to recover, it ends the controversy, and this seems to be conceded by counsel on each side.

The Owensboro & Russellville Railroad Company was incorporated by the General Assembly on the 27th of February, 1867, with power to construct a line of road from Owensboro, on the Ohio river, to Russellville, in Logan county, and by certain amendments was authorized to continue the road to the State line. The company became bankrupt, and a sale was ordered under certain bankruptcy proceedings, and the road purchased by the present appellee, the Owensboro & Nashville Railroad Company. The legislature deeming the construction of the road as of vast importance to the State, and for the purpose of encouraging the construction of this line of transportation, by a provision of its charter exempted it from taxation until its completion. This exemption was no doubt granted for the reason that in legislative contemplation the road, until completed, would yield no revenue to the stockholders, and should therefore pay none to the State. The appellee was incorporated under an act of March 1, 1876, and for the purpose of completing the line of road contemplated by the legislature under the original charter. This road was purchased under the deed in bankruptcy by J. G. Barrett and his brother, the decree directing a sale of the road, its appurtenances, rights and privileges, and a new company incorporated, as already stated, in March, 1876.

An amendment to the original charter of the Owensboro & Russellville Railroad Company, approved January 27, 1872, by the 5th section of the amendment provides "that the said Owensboro & Russellville Railroad Company shall be exempt from taxation until completed, and that it shall never be taxed at a valuation beyond its actual cost."

The amendment also provides a mode for the final redemption of the mortgage bonds issued under the authority of the act, and further provides, by the 4th section, that "the persons or corporation becoming the purchaser or lessee of said road, by reason of any sale or leasing to satisfy the demands of bondholders, shall be vested with all the rights, privileges, franchises *and immunities* of the corporation."

The legislature, in providing for the happening of the contingency upon which it might be necessary to sell the road, has said in express terms that the purchaser shall be clothed with all the rights, privileges and immunities of the original corporation. It must be presumed that the purchaser at the decretal sale was informed as to the extent of the privileges conferred by the original charter, and the sale having been made without any restriction in the deed, the purchaser took all the rights, privileges and immunities belonging to the original corporation, and among these privileges and immunities was the exemption from taxation until the road was completed.

Ordinarily the sale of the property and franchises of a railroad corporation, under a decree, passes the rights and privileges usually pertaining to such corporations or necessary to their existence; but where there is an immunity from taxation inserted in the grant, it has been held to be a mere personal privilege, pertaining alone to the original company, and is not transferable. Such an immunity, as

said by Mr. Justice Field, in the case of Morgan v. Louisiana (3 Otto, 217), "is personal, and incapable of transfer without express statutory directions." In also the case of Evansville, Henderson & Nashville Railroad Company v. Commonwealth (9 Bush, 438), in which the same doctrine is recognized. We find in this case not only legislative authority authorizing the transfer, but as an inducement to the purchaser to make the bid under which they claim, it is expressly provided that this immunity from taxation shall follow the road in the hands of those who buy it.

The legislature must have been influenced to make the exemption because of the necessity for the construction of this line of railway across the State, and from the further belief that no profits or income would be derived from the enterprise until its completion. It is not necessary, however, to inquire into the motive influencing the legislature in its action, as we find the purchaser entitled to the immunity by the act authorizing the sale of the road to satisfy the mortgage bonds. Nor is this immunity affected by the general law designating what kinds of property shall be exempt from taxation.

The judgment below is therefore affirmed.