CASE 58—ACTION AT LAW—JANUARY 26.

105 455
109 557

# Kentucky Chair Company v. Commonwealth.

APPEAL FROM FRANKLIN CIRCUIT COURT.

CONTRACT WITH STATE—PAYMENT IN STATE WARRANTS.—A debtor to
the State has no right to tender State warrants in payment of
its debts; and where the contract between the State and an in-
dividual provides for a forfeiture of the contract for non-pay-
ment of money due, such forfeiture may be declared by the
State although the debtor tendered the amounts when due in
State warrants.

WILLIAM LINDSAY FOR APPELLANT.

1. Appellee waived the right to forfeit the contract by continuing
   to execute it for seven days after the right to forfeit accrued.
2. The tender of the State warrants was an offer to satisfy the de-
   mands due, and in arrear at the time of the alleged forfeiture,
   and the appellee had no right to refuse the tender.
3. Having no right to forfeit the contract, the State was guilty of
   a breach of contract, in refusing after the 7th of April, 1896, to
   go on with a delivery of chairs, and is legally answerable for
   the damages resulting from such breach.
Citations: Todd's case, 9 Bush, 708; Smith's Leading Cases, vol. 1,
   part 1, side page 97; Campbell v. Williams, 15 Ky. Law Rep.,
   704; Com., v. Railroad Co., 81 Ky., 573; Mason & Foard Co. v.
   Com., 18 Ky. Law Rep., 371.

WILLIAM S. PRYOR, ON THE SAME SIDE.    (Brief not in record).

T. L. EDELEN, ON THE SAME SIDE.    (Brief not in record).

W. S. TAYLOR, ATTORNEY-GENERAL, FOR THE APPELLEE.

1. On Tender. Ky. Stats., secs. 3807, 3810; Am. & Eng. Ency. of Law,
   vol. 25, 897, 898; 49 N. W., 542; 14 Ind., 105; 59 Conn., 108; Ky.
   Stats., secs. 152, 4175, 4688; 3 Bosw. (N. Y.) 42; 13 Neb., 224; 60
   Ind., 420; Ky. Stat., secs. 4599, 4588, 4591, 3798, 3814; Com. v.

Todd, 9 Bush, 709; Old Constitution, secs. 34, 98; New Constitution, sec. 48.

2. On Set-off. 23 Am. & Eng. Ency. of Law, 95, 96; Chevalier v. State, 10 Texas, 315; Wait's Action and Defenses, vol. 7, p. 477; Battle v. Thompson, 65 N. Car., 406; Bates v. Republic, 2 Tex., 616; 1 Iredel, 401; 1 Dev., 419; Com. v. Maddox, 4 Dall. (Penn. R.), 303; Board of Directors v. M. Miles, 56 Cal., 401; People of N. Y. v. Denison, 84 N. Y., 273; White v. Governor, 18 Ala., 767; People v. Connor, 66 N. Y., 299; Raymond v. State, 54 Miss., 563; Com. v. Cook, 8 Bush, 225; Green v. State, 53 Miss., 149; Borden v. Houston, 2 Tex., 610; Devine v. Harvey, 7 Mon., 440; Com. v. Rodes, 5 Mon., 320.

3. On Waiver. 28 Am. & Eng. Ency. of Law. 536; Page v. Greely, 75 Ill., 400; Colt v. Miller, 10 Cush. (Mass.) 51; 14 B. M., 364; Ripley v. Aetna Ins. Co., 30 N. Y., 136; Trottinger v. Railroad, 11 Lea (Tenn.) ——; Bishop v. Lawrence, 2 S. W., 499; Holbrook v. Ives, 7 West Rep. (Ohio), 201; E. & P. R. R. Co. v. Geoghegan, &c., 9 Bush, 58; Beach on Contracts, p. 166, sec. 140, note to page 796.

T. L. EDELEN, FOR THE APPELLANTS IN A PETITION FOR A REHEARING. (WM. S. PRYOR AND WM. LINDSAY, OF COUNSEL).

1. A distinction is to be made between a State acting in a sovereign capacity, as when it is enforcing taxes or the right of eminent domain and when it is merely enforcing a contract right. Com. v. Rodes, 5 Mon., 318; Newport & Cincinnati Bridge Co. v. Douglass, Trustee, 12 Bush, 673. When a sovereignty goes into a court for the enforcement of a contract, it doffs its sovereign character and is to be treated both as to the construction of the contract and to the practice in the courts as if it were an individual. Sinking Fund Commissioners v. Northern Bank of Ky., 1 Met., 174; Harlan v. Lumsden, 1 Duv., 87; Com. v. H. I. Todd, 9 Bush, 708; Com. v. Owensboro & Nashville R. R. Co., 81 Ky., 572; Mason & Foard Co., v. Com., 18 Ky. Law Rep., 371; Herr v. Ky. Cent. Lunatic Asy., 17 Ky. Law Rep., 320; Gross v. Board of Managers of the World's Columbian Exposition, 20 Ky. Law Rep., 1418; Franklin County Court v. Deposit Bank, 87 Ky., 370; Gray v. Davis, 16 Wallace, 203; Curran v. State of Arkansas, 15 How., 304.

2. The right of the Commonwealth and the duty of the Common-

Kentucky Chair Company v. Commonwealth.

wealth to set off mutual claims between itself and public debtors is a correlative one. Ky. Stats., sec. 4701.

3. If the conclusion should be adhered to that the opinion reached was correct on the law, then no damages should be awarded upon the supersedeas bond, because to award them would be to enable the State to take advantage of its own wrong.

W. S. PRYOR, IN A FURTHER PETITION FOR A REHEARING.

JUDGE HOBSON DELIVERED THE OPINION OF THE COURT.

Appellants made a contract with appellee by which they agreed to take the output of a chair factory at the penitentiary, and pay therefor in 60 days from the last day of each month, and, if delinquency as to any payment continued 30 days, the contract might be forfeited at the option of appellee. The sum of $11,487.85, was due on March 1, 1896. Six thousand dollars of this was paid on March 7th, and on March 27th appellants tendered to the board of sinking fund commissioners $5,470.83, in treasury warrants of the State, and offered to pay the balance, $17.02, in cash. This tender the board declined to accept, because the whole sum was not tendered in money; and, appellants having refused to pay, on April 7th the board declared the contract forfeited, and filed this suit against appellants for the balance due by them for the goods that had been delivered. The appellants answered, and set up by way of counter-claim the damages accruing to them from appellee's failure to carry out the contract, amounting, as they alleged, to $90,000. The court below sustained a demurrer to this answer, and gave judgment against appellants for the amount sued for.

The right of the State is unquestioned to terminate the contract, if appellants failed to pay within 30 days after the money was due as provided therein. And, if the State had a right to terminate the contract, then appellants were not

entitled to any damages from its not being carried out; so the whole case turns on whether appellee had the right to declare the contract forfeited on April 7, 1896. It is insisted for the appellants that, although appellee may have had the right to declare the contract forfeited on March 31, it waived this right by waiting until April 7, and allowing the contract in the meantime to be carried out. Why this delay occurred, is not shown. It may be that the board were reluctant to inflict an injury on appellants, and so waited to give them an opportunity to make the payment. The contract provided that. if the money was not paid within 30 days from the time it was due, appellee might, at its option, terminate the contract. It was not required to exercise this option precisely at the end of the 30 days. It had a right to a reasonable time to determine what to do. We do not deem it necessary to decide whether or not more than a reasonable time was allowed to elapse in this case, for the reason that there is no plea that appellee waived its rights, and a waiver must be pleaded, to be available. We are confirmed in the conclusion that no waiver should be inferred here, from the fact that on April 7th the amount due was again tendered in treasury warrants, and again refused, and the notice was then given of the termination of the contract, which shows that the notice was given promptly after it became evident that appellants would not pay except in treasury warrants.

It is earnestly insisted for the appellee that the tender was unavailing because it lacked about $30 of covering the amount then due, counting the accrued interest on the debt since March 1st, and because it was not made to the proper officer. But no objection was made to the tender on either occasion on this ground, and it was made to the

whole board of sinking fund commissioners, and it seems to us that neither of these objections can be maintained. So the naked question is presented whether appellants had the right to pay appellee what they owed it by tendering to it its treasury warrants. This question seems not to have been presented to this court heretofore. In the case of Com. v. Todd, 9 Bush, 708, Todd, when sued by the State for money due by him as lessee of the penitentiary, was allowed to plead as a counterclaim the damages he had sustained from the loss of his contract, to reduce the amount sought to be recovered against him. In Com. v. Owensboro & N. R. Co., 81 Ky., 572, the court decided that the State had no valid claim against the railroad company for taxes for the years 1881 and 1882, and then dismissed the claim of the defendant to recover back the taxes it had paid for the year 1880, on the ground that there could be no judgment against the commonwealth. In Mason & Foard Co. v. Com., 18 Ky. Law Rep., 371 [36 S. W., 570], the question was not made whether a set-off could be pleaded against the State, and the claim there considered by the court without objection was fairly a part of the contract sued on. There is nothing in any of these cases to raise the question of the right of a debtor of the State to pay it his debt in its treasury warrants issued, as here, in transactions wholly disconnected with the transaction between him and the State. Though this question has not been determined in this State, it has often arisen in other States; and, so far as we have been able to see, the current of authority is overwhelmingly against such a right. This seems to us the necessary conclusion, if the matter is to be determined upon principle.

It has always been the law that a tender could be made only in money. And there are many reasons why this

should be peculiarly so of a sovereign State. The State government must be maintained, and it can not be main-tained without revenues. It must carry on its public schools, its lunatic asylums, and other charities, which need support from day to day. Its machinery for maintaining peace and good order must be kept going, prisoners in con-finement must be fed, and occupation must be furnished to the convicts in the penitentiary. If the right existed in appellants to pay their debt to the State in treasury war-rants, every other debtor of the State had the same right; and the result might be that the common schools would be closed, or the inmates of the insane asylums left without food or clothing, and the State government for a time ut-terly disabled to maintain even its existence. The fund owing by appellants was sacredly set apart by law to buy other materials for the penitentiary, and so keep the con-victs occupied; the profit made in the end, if any, to go to the sinking fund. If appellants had the right to require the State authorities to accept outstanding treasury war-rants in payment of this fund, then they might be wholly disabled to keep the convicts employed, and the gravest disorders and confusion might result. For these reasons the statute authorized the board to accept money, and only money, in payment of what was coming to it, and they had clearly the right to refuse to accept the treasury warrants tendered to them. See, in support of these views, Chevalier v. State, 10 Tex., 315; Battle v. Thompson, o5 N. C., 406; People v. Miles, 56 Cal., 401; White v. Gover-nor, 18 Ala., 767; Raymond v. State, 54 Miss., 563, [28 Am. R., 382]. The judgment below is therefore affirmed. Whole court sitting.