### Abraham v. Gheens.

(Decided October 28, 1924.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

1. Landlord and Tenant—New Tenancy for Year at Increased Rent Held Created by Holding Over.—Where, during term of year lease, lessor gave written notice of $15.00 increase of rent for following year, and lessee refused to execute new contract but held over

four months and paid increased rent and then moved, he was liable for increased rent for entire second year, in view of Ky. Stats., section 2295.

2.    Landlord and Tenant—Landlord Held Not to have Agreed that Tenant Might End Tenancy at Any Time Without Liability for Rent.—Statement by landlord's agent, during controversy over proposed increase in rent for the following year, that tenant might move whenever he was ready, held not to amount to new contract that tenant could move during such year without further liability for rent.

3.    Frauds, Statute of—Creation of New Lease by Holding Over Held Not Within Statute.—Where during term of lease notice was given that rent would be raised for ensuing year and lessee held over more than 90 days, contract for second year was not made until lessee's acceptance by holding over, and there was no contract for lease to begin at future date, and writing was unnecessary.

4.    Landlord and Tenant—Landlord Under no Legal Duty to Procure Tenant After Removal of One Bound for Year.—Failure of tenant, bound for year to pay rent, to occupy flat, did not impose on landlord duty to procure someone else to occupy it, and he could recover rent, notwithstanding lessee's vacation and failure to use diligence to procure another tenant.

EDWARD BLOOMFIELD for appellant.

SAMUEL B. KIRBY for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Affirming.

Appellee, C. W. Gheens, is the owner of a flat building, No. 1480 South Third street, Louisville, Ky. On April 1, 1920, by a written contract, he leased the first floor flat in the building to appellant, Leon Abraham, for a term of one year beginning May 1, 1920, and ending April 30, 1921, the stipulated rental being $70.00 per month, payable monthly in advance. Appellant occupied the flat so rented throughout the year of his term. On April 14, 1921, appellant was notified by letter, which he admits he received, that after the expiration of his term there would be an increase of $15.00 per month rental of the property he was occupying. Between the date he received that notice and the expiration of his original lease appellant and the agent of appellee appear to have had quite a heated controversy with reference to the proposed increase in the rent, during the course of which, according to appellant's testimony, appellee said to him: "I am getting sick and tired of this controversy about rents; you can move whenever you get damned

good and ready; I have one hundred and one applications for that apartment." Appellant held over after the expiration of his original lease until September 1, 1921, and during that period of time on the first of each month paid appellee the rental in advance at the increased rate of $85.00 per month. Appellant vacated the flat September 1, 1921. It remained vacant until May 1, 1922, and thereafter appellee brought this lawsuit to recover of appellant rent on the flat from September 1, 1921, to May 1, 1922, at the rate of $85.00 per month. Appellant denied his liability for the rent. Upon the trial of the case below, at the conclusion of the evidence, a summary of which is given above, the court peremptorily instructed the jury to find for appellee, and appellant appeals from the judgment rendered on the verdict of the jury returned in accordance with that instruction.

The precise question presented by this appeal does not seem to have been before us heretofore. It is provided by section 2295, Carroll's Kentucky Statutes, 1922, that if by contract a term or tenancy for a year or more is to expire on a certain day, by holding over beyond his term a tenant acquires no rights and assumes no liability during the ninety days succeeding the expiration of the term, during all of which time he may be treated as a trespasser and ousted of possession by the landlord; but it is further provided that if he holds over more than ninety days, no action having been taken to oust him, the original lease thereupon thereby shall be extended in all its terms for an additional year from the expiration of the term, both landlord and tenant being bound. This statute, it seems to us, was enacted by the legislature to define and limit and control the common law principles in force on the subject. The respective rights of the landlord and tenant, in cases where the tenant held over, had been the source of much litigation at common law and evidently the statute was enacted for the purpose above indicated. It is insisted by appellee—and from his action in the matter it must have been the opinion of the court below—that where, as was done in this case, during the term of the original lease, the landlord notifies the tenant that the amount of the rent will be increased in a definite amount following the expiration of the lease, the tenant, by holding over and paying the rental at the increased rate, thereby accepts the landlord's terms; and, although no new contract be executed by the parties, by holding over more than the ninety days fixed by our stat-

ute, and under the common law principles involved, the tenant becomes liable to the landlord for an additional year's rent at the increased rate and has the right for that period of time to occupy the premises.

The general principle on this question is thus written in 24 Cyc., page 1168:

> "A notice by a landlord to a tenant that if he continues to occupy the premises beyond the present term he must pay an increased rent, naming the sum, will not bind the tenant, although he holds over, unless the tenant expressly or impliedly consents to such increase of rent. Such assent will be implied, however, where a tenant, holding over after his lease, remains in possession after notice from the landlord that a greater rent than that stipulated in the lease will be required, and to that extent the old lease will not apply. And this is true, although the tenant objects to the new condition. But when the tenant protests against the increase and explicitly refuses to pay it, he cannot be held liable therefor merely by the act of holding over, since no new agreement can be implied. The notice of such increase of rent required to be given the tenant should be in writing, and served before the commencement of a new term. Acceptance of rent at the original rate operates as a waiver of the notice in respect to the increase."

The same principle is enunciated in 16 R. C. L., section 683, and in Underhill on Landlord and Tenant, vol. 1, section 99, and in Taylor on Landlord and Tenant, vol. 1, section 22. The following American cases uphold the principle: Williams v. Foss-Armstrong Hardware Co., 115 N. W. (Wisconsin) 803; Scully v. Roche, 135 N. Y. S. 633; Cowell v. Snyder, 115 Pac. 961; Griffin v. Knicely, 75 Ill. 411; Stees v. Bergmeier, 91 Minn. 513, 98 N. W. 648; Higgins v. Halligan, 46 Ill. 173; Commercial Cable Co. v. McKenna, 168 N. Y. S. 13; Brinkley v. Walcott, 10 Heisk (Tenn.) 22. It seems to us that the reason for the rule is obvious. The property belongs to the landlord. The tenant has no right to occupy it except with the consent of and upon terms agreeable to the landlord. If the terms and conditions imposed by the landlord are not acceptable to the tenant he may protect himself by vacating the premises. By the statute above our state has extended to tenants a longer period during which they may hold over without binding themselves for an additional year's rent

than is given in perhaps any other sovereignty. In the case now before us, during the term of the original lease, the landlord in writing notified the tenant that if he desired to remain in possession of the property he would be required to pay an advance of $15.00 per month on the rent. Although it appears that the tenant objected to the increase in the rent and declined to execute a new lease at the increased rate, yet it appears that he held over after his term expired, and for four months paid the rental monthly in advance at the increased rate. We are not impressed with appellant's contention that the statement which he testified appellee's agent made to him during their controversy over the increased rent quoted above was sufficient to authorize him to hold over for whatever period of time he desired and to vacate the premises at any time without further liability for rents. As we understand it what was said to appellant by appellee's agent then was merely an emphatic way of advising him that if he did not like the rental terms proposed he could move. Certainly it cannot be construed to have made a new contract between the parties.

There is no merit in appellant's contention that the contract under which appellee seeks to recover is required by our statute of frauds to be in writing. The notice to appellant that at the end of his term the rent would be raised $15.00 per month was merely appellee's offer to lease the flat to him for another year at $85.00 per month. Appellant accepted this offer by holding over and paying the rent at the increased rate. The contract was not made until appellee's offer of terms was accepted by appellant and at the earliest that could not have occurred before the expiration of the old and the beginning of the new term. Hence, it could not have been a contract for a lease for a year to begin at a future date.

Appellant contends that after he vacated the premises appellee should have used diligence to procure another tenant and that his amended answer pleading appellee's failure so to do, offered at the close of the testimony, was wrongfully refused by the court. To this we cannot agree. Appellee had one tenant bound to him for rental of the flat at $85.00 per month until May 1, 1922. That tenant's failure to occupy it during the time did not impose upon the landlord the duty to procure some one else to occupy it. Appellant had it leased and appellee had no right to lease it to another. With appellant's consent he might have done so, which would have

been but a cancellation by agreement of the parties of the contract between them. But no legal duty devolved upon appellee to supply a tenant for the premises vacated by appellant under the circumstances of the parties. 24 Cyc. 1164; Underhill on Landlord and Tenant, 1214; R. C. L., section 481.

It is our conclusion that by holding over for more than ninety days after the expiration of his original lease, after having been notified that if he should do so he would be required to pay at an advance of $15.00 per month, and by paying the monthly rental at the advanced rate for the four months he held over a new contract was made between the parties whereby appellant had the right to occupy the flat in question for the additional year and became bound to appellee for the rent on same at $85.00 per month.

The action of the lower court in peremptorily instructing the jury to find for appellee at the conclusion of the evidence is in accord with our opinion, and hence the judgment herein will be affirmed.