## Superior Woolen Company Tailors v. M. Samuels & Company, Inc.

(Decided April 26, 1927.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

1. Landlord and Tenant.—In suit for rent, demurrer to counterclaim by tenant for damage caused by landlord's construction of sign interfering with tenant's sign, not alleging that landlord violated any right of tenant or that landlord's sign was erected after tenant's sign, held properly sustained.
2. Torts.—To sustain an action, there must be, not only damage done, but invasion of another's rights, and, if no right is invaded, loss suffered is damnum sine injuria.
3. Landlord and Tenant.—Lease giving lessor option to relet premises on lessee's being dispossessed, and apply rent on lessee's rent, imposed no obligation on lessor who had right to look to lessee for rent after lessee's abandonment, without attempting to find any other tenant.
4. Damages.—Rule that party must use ordinary care to minimize damages does not apply to contract to pay absolutely certain sum of money.
5. Landlord and Tenant.—Landlord under written lease is not obligated to hunt for another tenant or accept another tenant, where

lessee vacates property, but may stand on contract and look to lessee for agreed rent.

6. Landord and Tenant.—In action for rent, court can only enforce contract between parties, and canot release tenant from express obligations incurred.

7. Landlord and Tenant.—Under lease prohibiting subletting of premises without written consent of lessor, lessee could not recover damages from lessor for refusal to accept another tenant, offered after abandonment of premises, at least unless tenant tendered was good and solvent, which must be averred.

W. A. SPINDLE for appellant.

GIFFORD & STEINFELD for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

On November 4, 1920, M. Samuels & Co. leased to the Superior Woolen Mills a storeroom in Columbus, Ohio, from December 1, 1920, to June 30, 1925, at an annual rental of $1,500.00, payable monthly. This action was brought by the lessor against the lessee to recover the rent for the last six months of the term. The defendant filed answer; the court sustained a demurrer to the answer and entered judgment in favor of the plaintiff. The defendant appeals.

The answer set up a counterclaim in two paragraphs. In one paragraph it alleged that it expended a considerable sum of money in the erection of an electrical sign, advertising its business, and that, subsequent to its entry into the possession of the premises, the plaintiff over its protest erected upon the roof of the building a large electrically lighted commercial sign, taking up the entire space thereof, thereby materially interfering with the operation of the defendant's sign and causing a change in the location thereof, at a considerable expense to it, to its damage in the sum of $750.00.

The demurrer to this paragraph was properly sustained, for there is no allegation that anything the plaintiff did was done without right, or in violation of any right of the defendant. No facts are alleged showing that the defendant had any rights in the roof or that anything the plaintiff did on the roof was in violation of its right, or that plaintiff's sign was erected after the defendant's sign. It is a well-settled rule that to sustain an action there must be not only a damage done

but an invasion of another's right, and, if no right is invaded, the loss suffered is damnum sine injuria.

In the other paragraph of the answer it was pleaded that the lease contained this clause:

"In case the lessee fails or omits to perform any of the covenants or conditions herein contained, the term of this lease shall expire three days after notice in writing of any such failure or omission shall be sent by lessor to the lessee by mail or otherwise, addressed to demised premises, and this lease shall cease and come to an end in the same manner and to the same effect as if that were the date originally fixed therein for the expiration of the term. In the event that the term of this lease shall expire before the date originally fixed as herein provided, or if the lessor enters or re-enters upon the premises and repossesses the same, or if the lessee is dispossessed therefrom by summary proceedings or otherwise, the lessor, at the lessor's option, may let the premises or any part thereof as the agent of the lessee or otherwise, and receive the rent therefor, applying the same, first, to the payment of such expense as the lessor may be put to in entering, dispossessing and letting, and then to the payment of the rent and the fulfillment of the lessee's covenants hereunder, and the lessee shall be liable for any deficiency which may arise during the remainder of the term whether the demised premises be relet or remain vacant."

The defendant pleaded that, after the interference on the part of plaintiff with the possession of the defendant in the use of the premises in the matter of the light, the defendant offered to surrender the premises to the plaintiff and proffered tenants for said storeroom, all of which offers were declined by the plaintiffs, and that, after the abandonment of the premises by the defendant, the plaintiff could and should have rented same at a reasonable rental therefor, and applied the rent on the obligation of the defendant under the lease, that, in ignorance of its rights, the defendant paid the plaintiff the rentals for the unused vacant store, amounting to $3,750.00, no part of which was due, and this sum was pleaded as a counterclaim and judgment prayed therefor.

The demurrer to this paragraph was properly sustained. The facts shown are these: The defendant occupied the store about 1½ years, and then left it vacant. It continued to pay the rent for about 2½ years, and then refused to pay any more, and this suit was brought for the last 6 months' rent. All the rent it paid was paid under the contract. The clause in the lease above quoted gave the lessor an option to relet the premises, but it imposed no obligation on the lessor. The lessor had a right to look to the lessee for the rent. The option to re-enter and relet was for its protection and not for the protection of the lessee. While under the rule in damage cases it is the duty of a party to use ordinary care to minimize damages, this rule has no application to a contract to pay absolutely a certain sum of money. The landlord is under no obligation in such a case to go out and hunt for another tenant or to accept another tenant where the lessee vacates the property. He has a right to stand upon his contract and look to the lessee for the rent he has agreed to pay. Abraham v. Gheens, 205 Ky. 289, 265 S. W. 778, 40 A. L. R. 186.

The court can only enforce the contract made by the parties. It cannot release appellant from the express obligations thereby incurred. It was incumbent on appellant to protect itself by the contract when it made it, in case it concluded not to occupy the premises for the full term. This it did not do and the court cannot add to the contract terms it does not contain, inconsistent with its express provisions. The lease contained this provision:

"Provided always, and the lessee hereby covenants as follows: . . . Not to assign, mortgage, nor pledge this lease nor underlet the whole or any part of the premises without first having the lessor's written consent."

The lessee cannot recover damages from the lessor for exercising an option which the contract expressly conferred on it; certainly not unless the tenant tendered was good and solvent, and this is not averred.

Judgment affirmed.