## Barrett v. Dark Tobacco Growers' Co-Operative Association.

(Decided February 21, 1928.)

### Appeal from Christian Circuit Court.

1. Vendor and Purchaser.—Where defendant became bound to purchase property on December 1, 1922, which was time equitable title passed, but contract did not become effective until July 1, 1923, held that, under Ky. Stats., sec. 4023, making it duty of holder of equitable title to pay taxes, defendant was bound to pay taxes upon property.

2. Vendor and Purchaser.—Where contract between vendor and purchaser did not provide that vendor should carry insurance, but vendor took out insurance in own name without authority or direction, held that vendor could not recover money paid as insurance premium from purchaser.

3. Landlord and Tenant.—Tenant may be bound to pay rent where he does not enter into possession of demised premises, but in such case there must be an express covenant or agreement to pay.

4. Landlord and Tenant.—In vendor's action under contract by which vendor contracted with association that association pay rental for plant "from occupancy" until July 1, 1923, and equitable title had passed on December 1, 1922, held words "from occupancy" meant that association would pay rent from date it took possession of property and not from December 1, 1922, and, possession not being taken until July 1, 1923, association was not bound to pay rent.

JOHN C. WORSHAM for appellant.

FRANK RIVES, McKENZIE & SMITH, ROY GARRISON and BRADSHAW & MacDONALD for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming in part and reversing in part.

The appellee was organized in the fall of 1922. On November 25, 1922, it held a meeting in Hopkinsville, at which time it solicited proposals from the owners of tobacco warehouses for the sale or leasing of their property. Appellee furnished the forms for use in making the proposals of sale or lease. One form covered all the provisions relating to the purchase of the property or the leasing of the property, and the choice as to whether the proposal should be one of sale or lease as well as method of payment was left to the owner of the warehouse. He was required to indicate at the end of the proposal whether it was a proposition to lease or a proposition to sell.

The appellant attended the meeting of the association held in Hopkinsville, and filed a proposal to sell appellee his tobacco warehouse located in Wickliffe, and he fixed a provisional valuation on the property of $75,000. The contract between him and appellee contained a provision for arbitration as to the value of the property in the event a disagreement should arise. The provisional valuation was not binding, and was subject to modification by agreement or arbitration thereafter. There was no agreement, and arbitrators were selected and fixed the valuation of the property at $49,960.30. Thereafter appellant tendered appellee a deed, the acceptance of which was refused. The refusal was based on the ground that the arbitrators had been guilty of misconduct in the performance of their duties. Appellant then instituted suit to compel appellee to accept the deed and pay the price fixed by the arbitrators. The suit was resisted, and the court held that appellee was obligated to purchase the property, but set aside the arbitration because it was not made in accordance with the terms of the written contract or proposal to sell. The court directed that new arbitrators be selected, which was accordingly done. They fixed the fair market value of the property at $22,500. The court rendered a supplemental judgment requiring the appellee to accept the deed and to pay appellant therefor the sum of $22,500, in accordance with the terms of the contract and the report of the arbitrators.

Appellant contended that appellee was liable to him for rent on the property from December 1, 1922, to July 1, 1923; also that appellee was liable to him for the amount he had paid a caretaker for looking after the premises after the acceptance of his proposal to sell and before the property was taken over by appellee; also that appellee was liable to him for premiums paid on insurance policies after December 1, 1922, to the date that appellee took over the property; also that appellee was liable to him for taxes on the property for the year 1923. The judgment denied him rent, expenses of a caretaker, amount paid for insurance, and amount paid for taxes for the year 1923.

Appellant has appealed from the judgment of the lower court, and contends in his brief that he is entitled to the rents claimed, and the amount paid for insurance premiums, and the amount paid for taxes for the year 1923.

The determination of these questions is wholly dependent upon the terms of the contract. We will first dispose of the question of taxes. The lower court adjudged that appellee became bound to purchase the property as of December 1, 1922. There is no cross-appeal by appellee from that portion of the judgment. If the contract did not become effective until July 1, 1923, appellant was bound for the taxes for the year 1923, but, if the equitable title passed to appellee December 1, 1922, and the lower court held that it did, it was the duty of appellee to pay the taxes for the year 1923, as is provided by section 4023, Ky. Stats. The lower court having decided the question differently, the judgment to that extent will have to be reversed.

On the question of whether the insurance premiums paid by appellant may be recovered by him is also a question of contract law. The contract did not provide that appellant should carry insurance on the property. The only reference to insurance is in paragraph 3 of the contract, and that has no application to the question, as that paragraph relates wholly to the leasing of the property. We deem it unnecessary to go into the question of who should have borne the loss in the event the property had been destroyed before the execution of the deed. The appellant took out the insurance in his own name, without any authority or directions in the contract so to do and without any authority from appellee aside from the con-

tract. He had the right to take out insurance to protect his interest in the property, and he was interested, as he had a vendor's lien under the law for the security of the purchase money. Regardless of that, however, he could not recover unless he was authorized or required to take out the insurance and pay the premiums either by the express or implied terms of the contract, or by authority from appellee otherwise given. The lower court held correctly in denying him any right of recovery on account of the insurance premiums which he had paid.

The other question relates to the rent from December 1, 1922, to July 1, 1923. It is true that a tenant may be bound to pay rent where he does not enter into possession of the demised premises, but in such cases there must be an express covenant or agreement to pay. There was such a covenant or agreement involved in the case of Abraham v. Gheens, 205 Ky. 289, 265 S. W. 779, 40 A. L. R. 186. If there was no express covenant or agreement to pay rent before possession was taken by appellee, we are convinced that appellant is not entitled to collect rents. Paragraph 3 of the contract mentioned above contains a specific provision that, in the event the property is leased, the appellee will pay the rent after December 1, 1922, but that provision is not the same as the provision relating to the sale of the property, which is found under one of the subdivisions of paragraph 4. The contract provides for a provisional price to be fixed by the seller; also that the provisional price is subject to modification by agreement or by arbitration; also that, in the event the price has not finally been agreed upon by July 1, 1923, the property should be conveyed to appellee at the provisional price fixed by the seller still subject to modification by agreement or arbitration. There is no provision in the contract that appellee shall take possession of the property prior to July 1, 1923, but there is a provision as follows:

"And the association agrees to pay the warehouseman on July 1, 1923, as rental for the plant from occupancy until July 1st, a rent calculated as in paragraph 3 hereof."

The equitable title passed to appellee on December 1, 1922, and, if it had been the intention of the parties that rent should be paid from that date, we have no doubt that it would have been inserted the same as it was in

paragraph 3. We have concluded that the words "from occupancy" mean that appellee would pay rent from the date it took possession of the property and not from December 1, 1922. Having reached this conclusion, it follows that the lower court was correct in holding that appellant was not entitled to collect rents.

The judgment is reversed in so far as it adjudged that appellee was not liable to appellant for taxes on the property for the year 1923, but it is affirmed in all other respects. Each party will pay one-half the cost of this appeal.