## JORDON v. NICKELL.

Court of Appeals of Kentucky.
Dec. 5, 1952.

C. F. See, Jr., Louisa, for appellant.

E. E. Adams and C. L. Miller, Louisa, for appellee.

DUNCAN, Justice.

The appellant, Ernest Jordon, Sr., appeals from a judgment which awards appellee $1,533.33; cancels as fraudulent a conveyance made by appellant to his brother; adjudges appellee a lien upon the real estate covered by the conveyance and orders a sale thereof in satisfaction of the judgment.

Prior to July 9, 1948, appellee owned and operated at Fallsburg, Kentucky, a grocery store and filling station. The business was conducted in a two-story business building, with a large store room on the first floor and apartments on the second floor. On July 9, 1948, appellee exchanged the merchandise at invoice price for some cattle belonging to appellant, paying appellant the difference between the value of the cattle and the merchandise.

At the time of the sale of the merchandise, appellant and his son, Ernest Jordon, Jr., planned to continue the business at the same site. It was agreed between the parties that the business building was to be leased to the Jordons, and appellee and appellant went together to the office of an attorney where a written lease was prepared. The lease was for a term of five years and provided for an annual rental of $400, payable in quarterly installments. After some minor changes not affecting the term or

rental payments, appellee and Ernest Jordon, Sr., signed the lease. It was left in the office of the attorney for the signature of Ernest Jordon, Jr., but was never signed by the latter, and was never delivered to the lessees by the attorney.

The Jordons took possession of the leased premises on July 9, 1948, and continued the operation of the business, with Ernest Jordon, Jr., occupying one of the upstairs apartments. On September 15, 1949, the merchandise was removed from the store building and taken to the residence of Ernest Jordon, Sr. Soon thereafter, Ernest Jordon, Jr., vacated the part of the building occupied by him, and the building has remained vacant since that time. On September 20, 1949, appellant executed a deed to his brother, Conard Jordon, conveying a farm which, apparently, constituted all or a major portion of appellant's assets. The circumstances surrounding this transaction and the conflicting stories of appellant and the grantee concerning its details compel the conclusion that appellant was attempting to place himself beyond the reach of execution or attachment in connection with any possible liability under this lease.

On December 22, 1949, appellee filed this action, seeking to recover the balance of the rental for the full five-year term of the lease and to cancel as fraudulent the conveyance from appellant to Conard Jordon. The Chancellor entered judgment for the full amount claimed and cancelled the deed. Ernest Jordon, Jr., was not named as a defendant, and although he attempted to intervene in the lower court, no judgment was rendered against him. Ernest Jordon, Sr., appeals, insisting that the judgment should be reversed because: (1) the lease sued on was invalid for want of manual delivery; (2) appellee should have been required to minimize the damages by re-renting the premises; (3) an action to collect the full term rental could not be maintained until after the expiration of the term. We shall consider these contentions in the order here given.

Notwithstanding the fact that there was no manual delivery of the lease, appellant took possession of the premises and exercised all rights conferred upon him by its terms. The rule respecting delivery when the lessee has taken possession under a lease is stated in 51 C.J.S., Landlord and Tenant, § 219, p. 824, as follows:

" * * * an actual manual transfer of the instrument is not essential, and, where it is intended that a lease should be considered as delivered, it will not, at least as between the lessor and the lessee, be invalid for want of delivery because of the fact that it remains in the lessor's possession. * * * Where the lessee by formal assent or unequivocal acts, such as entering into possession, treats the instrument as in his possession, it is generally sufficient to show a delivery".

We think the parties treated the lease as a delivered instrument and that it was not invalid for want of manual delivery.

As we have indicated, the property has remained vacant continuously since appellant surrendered possession. Appellant contends that the keys have been returned, but appellee asserts he has never received them. Appellant insists that it was the duty of appellee to minimize damages by securing another tenant if possible and that in no event can recovery under the lease exceed the difference between the contract rentals and the rentals which might have been received under a new lease.

There is a difference in the rule concerning the right of a landlord to recover rental for the remainder of the term in cases where there has been a forfeiture of the lease and re-entry by the lessor on account of the breach of a covenant by the lessee, and cases in which the lessee has abandoned the leased premises. In the former case, the lessor is generally under an obligation to minimize damages, and the lessee is entitled to have any amounts received by lessor under a new lease applied toward the satisfaction of lessee's liability. However, following an abandonment by a tenant, the landlord is under no obligation to attempt to re-let the leased premises. The theory supporting the rule is that the tenant cannot by his own wrong in abandoning the premises impose a duty upon the

landlord. Abraham v. Gheens, 205 Ky. 289, 265 S.W. 778, 40 A.L.R. 186; Ideal Furniture Co. v. Mazer, 234 Ky. 665, 28 S.W.2d 974; Moore v. Rogers, 240 Ky. 743, 43 S. W.2d 31; Dulworth v. Hyman, Ky., 246 S. W.2d 993, In re Dant & Dant of Ky., D.C., 39 F.Supp. 753, affirmed Kessler v. Jefferson Storage Corporation, 6 Cir., 125 F.2d 108.

 Appellant finally insists that an action to recover rentals for the full term cannot be maintained until the expiration of the term of the lease. Appellee relies upon the doctrine of anticipatory breach as justifying the maintenance of the action to recover future rentals. We recognize that under that rule an unequivocal repudiation or renunciation of an executory contract in advance of the time of performance may, at the election of the injured party, be regarded as an anticipatory breach and support an immediate action for damages without waiting for the time of performance. Although not recognized in all jurisdictions, the doctrine of anticipatory breach is recognized in Kentucky. Paducah Cooperage Co. v. Arkansas Stave Co., 193 Ky. 774, 237 S.W. 412; Fidelity and Deposit Company of Maryland v. Brown, 230 Ky. 534, 20 S.W.2d 284. The doctrine may be applied to rental as well as other contracts. 51 C.J.S., Landlord and Tenant, § 250, p. 883. However, we do not regard the rule as justifying the acceleration of payments under a contract where the due dates of such payments are definitely fixed by the contract. If the doctrine could accelerate future rental payments, it might reasonably follow that it could precipitate the due date of a note if the maker should renounce the note in advance of its maturity. Such an application of the rule was never intended. In Huffman v. Martin, 226 Ky. 137, 10 S.W. 2d 636, 638, acceleration of the due date of a note was sought because the maker had abandoned the property which was in lien to secure the note and had announced that he never intended to make payment. In rejecting the claim of acceleration, this Court said:

"In this case the alleged precipitating abandonment and renunciation by defendants occurred seven years before the due date of the note, and we cannot attribute to them any greater effect than a present indisposition on their part to meet the payments of either the interest on, or principal installments of, their note to plaintiffs. Such abandoning acts or conduct may be superinduced by momentary discouragement, and might disappear long before the due date of the obligation. But, whatever reason may exist for the exception to the general rule, it is firmly established in the law, and we have no hesitancy in concluding that the court correctly held that the due date of defendants' note to plaintiffs was not precipitated by the facts relied on for that purpose."

We do not regard this action as one to recover damages. Should we so regard it, the general rule as to minimizing damages would apply. Rather, the action is essentially one to recover rentals under the lease, and notwithstanding appellant's abandonment of the leased premises, the due dates of the rental payments under the lease were not precipitated. Appellee is entitled to recover rental payments only as they become due, and the lower court erred in awarding judgment for future rentals in advance of the due date thereof.

Appellant does not question in his brief the propriety of the cancellation of the deed to Conard Jordon, and the latter does not appeal. The cancellation of the deed under the circumstances was proper.

The judgment is reversed, with directions to set it aside and to enter a new judgment awarding appellee only rentals accrued at the date of the filing of the suit.