FELKER & a. v. RICHARDSON & a.

The interest of one of two joint lessees in the demised premises is not surrendered to the lessor by operation of law, by a sale of it to the co-lessee accompanied with a parol agreement between the lessor and the latter that the lessor will thereafter look to the co-lessee for the performance of the covenants of the lease.

COVENANT, for rent.  Verdict for the plaintiffs.  December 21,

1881, the plaintiffs demised their brickyard to the defendants for the term of ten years at a specified annual rent. The defendants covenanted to pay the rent, and that they would not without the plaintiffs' consent underlet the premises, " nor remove therefrom any buildings they might erect, nor any tools or machinery for brick-making purposes, during the term, until all rents should be paid." February 18, 1883, the defendant Warren sold to the defendant Richardson all his interest in the business and in the brickyard, and Richardson agreed verbally to assume all liabilities under the lease. Shortly afterwards, Richardson informed the plaintiffs of this transaction and requested them to release Warren, and soon thereafter gave Warren to understand that they had agreed to release him. In answer to a special question submitted to them, the jury found that the plaintiffs did verbally agree with Richardson that they would thereafter look to him alone for the performance of the covenants in the lease. After the sale Warren did not occupy the premises and had no interest in the business. Richardson alone occupied the yard, conducted the business, and, except for the last two years of the term, paid the rent, taking the plaintiffs' receipts therefor as being paid by him. Except as above stated, the plaintiffs had no communication with Warren in regard to the lease, rent, or occupation of the premises.

Richardson claimed that by the terms of the lease the plaintiffs had a lien on the buildings erected by the defendants on the premises, and on the tools and machinery used in manufacturing brick ; that they must first apply them or their avails in satisfaction of arrears of rent, and that they could recover the balance only after such application. The court ruled against him, and he excepted.

A general verdict was taken for the plaintiffs.

*Felker & Pearl*, for the plaintiffs.

*Leach & Stevens*, for the defendants.

CARPENTER, J. The principal question is, whether Warren's estate in the demised premises was surrendered to the plaintiffs by operation of law. P. S., c. 137, s. 12. Precisely what is meant by a surrender by operation of law, and in what state of facts the law operates to effect a surrender, may not be fully settled, and for the disposition of the present question need not be determined. A surrender by agreement, whether express or implied, is the act not of the law but of the parties. To constitute a surrender by operation of law, overt acts of both parties inconsistent with the continuance of the term are essential. Co. Lit. 338 a ; Com. Dig., Surrender II ; 20 Vin. Abr., Surrender F ; Bro. Leg. Max. 669, 670 ; Rob. Fr. 248–261 ; *Mollett* v. *Brayne*, 2 Camp. 103 ; *Thomas* v. *Cook*, 2 B. & Ald. 119 ; *Huddlestone* v. *Johnstone*,

M'Cl. & Y. 141; *Johnstone* v. *Huddlestone*, 4 B. & C. 922; *Graham* v. *Wichelo*, 1 C. & M. 188; *Walker* v. *Richardson*, 2 M. & W. 882; *Dodd* v. *Acklom*, 6 M. & G. 672; *Lyon* v. *Reed*, 13 M. & W. 285, 305–310; *Nickells* v. *Atherstone*, 10 Q. B. 944; *M'Donnell* v. *Pope*, 9 Hare 705; *Davison* v. *Gent*, 1 H. & N. 744; *Phené* v. *Popplewell*, 12 C. B. N. S. 334; *Oastler* v. *Henderson*, 2 Q. B. Div. 575; 2 Sm. Lea. Ca. (4th Am. ed.) *459 a–*460; *Elliott* v. *Aiken*, 45 N. H. 30, 36; *Kendall* v. *Hill*, 64 N. H. 553; *Beall* v. *White*, 94 U. S. 382; *Randall* v. *Rich*, 11 Mass. 494; *Brewer* v. *Dyer*, 7 Cush. 337; *Talbot* v. *Whipple*, 14 Allen 177, 180, 181; *Amory* v. *Kannoffsky*, 117 Mass. 351; *Hesseltine* v. *Seavey*, 16 Me. 212; *Schieffelin* v. *Carpenter*, 15 Wend. 400; *Bedford* v. *Terhune*, 30 N. Y. 453; *Coe* v. *Hobby*, 72 N. Y. 141; *Smith* v. *Kerr*, 108 N. Y. 31; *Bacon* v. *Brown*, 9 Conn. 334; *Strong* v. *Crosby*, 21 Conn. 398, 404, 405; *Patchin* v. *Dickerman*, 31 Vt. 666; Bro. St. Fr., ss. 48–57.

The plaintiffs verbally assented to Warren's sale of his interest to Richardson, and to his abandonment of the premises, and agreed verbally with Richardson to look to him alone for the performance of the covenants. But they did nothing inconsistent with the continuance of the term in Warren. They did not resume possession and executed no new lease. They were bound by the terms of the lease to receive the rent of Richardson, and he was bound to pay it. The special issue submitted to the jury was immaterial. In the view most favorable to Warren, the case stands as if, he being the sole tenant, the plaintiffs orally consented to his leaving and agreed to release him from his covenants, and he accordingly abandoned the premises. To hold this to be a surrender by operation of law would nullify the statute.

The plaintiffs' lien, if they had one, on the buildings, tools, and machinery was a collateral security for the payment of the rent, and the ruling in regard to it was correct.

*Judgment on the verdict.*

SMITH J., did not sit: the others concurred.