# Michael, Appellant, *v.* Rae.

*Landlord and tenant—Rent—Distress for—Exemption—Waiver of exemption.*

A lease expressly waived the benefit of all laws exempting any property from sale or distress for rent. It also provided for a term of three months with renewals for a similar period. The tenant fell into arrears and the landlord distrained for rent due.

In an action of trespass by the wife of the plaintiff against a constable for damages, incident to his refusal to appraise and set aside certain of her goods, the plaintiff claimed that the landlord had made a verbal lease with her which did not comprehend any exemption.

*Held:* That the evidence was entirely insufficient to warrant a finding that the occupation of the premises had ceased to be under the lease executed by the husband of the plaintiff. There was no evidence from which a jury should be permitted to infer that the plaintiff was in possession of the premises otherwise than under the written covenants of the lease executed by her husband.

Submitted April 21, 1927. Appeal No. 110, April T., 1927, by plaintiff from judgment of C. P. Lawrence County, March T., 1925, No. 54, in the case of Sarah E. Michael v. James M. Rae. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Trespass to recover damages for refusal to appraise and set aside property claimed as exempt. Before HILDEBRAND, P. J.

The facts are stated in the opinion of the Superior Court.

The jury rendered a verdict in favor of the plaintiff in the sum of five hundred dollars.

Subsequently, on motion, the court entered judgment in favor of the defendant non obstante veredicto. Plaintiff appealed.

*Errors assigned,* among others, was the judgment of the court.

*Mont L. Ailey,* for appellant.

*Clyde Gibson,* and with him *Charles H. Young,* for appellee.

Opinion by Porter, P. J., July 8, 1927:

This is an action in trespass wherein the plaintiff seeks to recover damages from the defendant, a constable, on account of his refusal, after notice, to have appraised and set aside to her certain goods, which she claimed to own, upon which a distress for rent had been levied, the plaintiff claiming that she was entitled to have set aside to her goods to the value of $300, under the provisions of the Act of April 9, 1849. The plaintiff recovered a verdict in the court below, but the court entered judgment in favor of the defendant n. o. v., whereupon the plaintiff took this appeal.

George O. Michael, the husband of the plaintiff, had entered into a written lease with Thomas A. Gilkey and A. L. Thayer, the owners of a building in the City of New Castle, for the second and third floors of said building, to be used as a rooming house for a period of three months, for the rental of $60 per month, the term to begin on the first day of April, 1923. The lease expressly waived the benefit of all laws or usages exempting any property from sale under distress for rent. It further provided that if the lessee should continue on the above described premises after the termination of the term, that the agreement should continue in full force for an additional three months upon payment of $60 per month payable in advance, "and so on for the periods of three months each until legal notice is given for removal, each renewal being subject to the conditions of this lease." George O. Michael and his wife, this plaintiff, went into possession of the premises under this lease on April 1st, 1923, and continued to occupy the same together until June 3rd,

1924, at which time the plaintiff was deserted by her husband. When Michael thus deserted his wife they were in possession under the lease and there is nothing in the evidence to indicate that Michael ever did give legal notice of his intention to remove from the premises and cease to be liable for payment of the rental. When Michael deserted his wife, in June, 1924, the rent for the months of March, April, May and June, 1924, amounting to $240, was in default. The plaintiff continued in the occupancy of the premises until October 7th, 1924, when the defendant, being duly authorized by the landlords, levied a distress on the goods upon the premises, the amount of rent then due being $408.64, the plaintiff having, after the desertion of her husband, paid $125 upon account of the rent in arrears. When the goods were thus distrained for rent the plaintiff served a written notice upon the defendant that she claimed the benefit of the Act of April 9th, 1849, and demanded that he have appraised and set aside to her certain goods thus distrained, with which demand the defendant refused to comply, and the goods were sold.

If the plaintiff was in possession under the written lease executed by her husband and subject to the covenants of which they thus went into possession, she was not entitled to the benefit of the exemption. It is here, however, contended in her behalf that the lease had been terminated and that she had personally become the tenant of the landlord. The evidence in support of this contention is very meagre. The plaintiff having testified as to the desertion by her husband, on June 3rd, 1924, she was interrogated as to certain conversations which she had had with the landlord after the departure of her husband and upon which her contention that she had become the tenant was based. "Q. What arrangement, if any, did you have after that? A. I talked with Mr. Thayer and he told me I could

stay there. Mr. Thayer said I could stay right on and pay the rent, and if I could pay the back rent, all right, I could stay there he wouldn't put me out. Q. So Mr. Thayer talked to you after your husband left? A. Yes. Q. When was that now? A. Well, I don't know the exact date and he said I could stay there. Q. And you asked him if you could remain? A. I asked him if he would throw me out, and he said no, you can stay." This evidence was entirely insufficient to warrant a finding that the occupancy of the premises had ceased to be under the lease executed by the husband of plaintiff. There was nothing in the conversation inconsistent with an intention on the part of the landlord to continue to hold George O. Michael upon the covenants of the lease. Michael, it is true, had deserted his wife, but he had given no notice of an intention to terminate the lease and he remained liable for the rent as it accrued upon the premises which he had left in the possession of his wife. If his wife paid the rent, that would operate to diminish the sum which he might be required to pay. George Michael continued liable for the rent, as it became due, subject to the terms and conditions of the lease: Manley v. Dupuy, 2 Wharton 162; Ghegan v. Young, 23 Pa. 18. There was no evidence from which a jury should have been permitted to infer that the plaintiff was in possession of the premises otherwise than under the covenants of the written lease executed by her husband. The court did not err in entering judgment in favor of the defendant.

The judgment is affirmed.