# Ralph et al., Appellants, *v.* Deiley et al.

*Landlord and tenant—Lease—Assignment of lease—Liability of original lessee.*

1. The assignment of a lease and the acceptance of rent from the assignee, does not relieve the original lessee from liability.

*Landlord and tenant—Abandonment—Acceptance of surrender—Notice—Reletting.*

2. It is not necessary for a landlord to notify a tenant abandoning the premises that he will not accept the surrender and will hold him for the rent for the balance of the term.

3. It is not necessary for the landlord to notify the lessee on reletting during his term after abandonment by the lessee, that the reletting is for his benefit and to minimize his loss.

4. A reletting within the term of the first lease, is not such an unequivocal act as to indicate an intention on the part of the lessor to accept the surrender of the property.

5. The fact that in the reletting the new tenant is given the right to an extension, does not relieve the original lessee, where the extension was not beyond the term of the original lease.

6. Extending the new term beyond that in the original lease, indicates an intention to accept the abandonment.

7. The fact that the new tenant was to pay a certain sum for heating the building, is immaterial, if it appears that such sum, added to the rent, did not equal the rent provided in the original lease.

8. A tenant for years cannot relieve himself from liability under his lease by vacating the premises during the term and sending the key to his landlord.

Argued January 30, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 43, Jan. T., 1928, by plaintiffs, from judgment of C. P. Northampton Co., July T., 1921, No. 36, on verdict for defendants, in case of Louis M. Ralph et al. v. Milton Deiley et al., trading as Deiley Brothers Company. Reversed.

Assumpsit for breach of covenants of lease.   Before McKeen, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendants.   Plaintiffs appealed.

*Error assigned,* inter alia,, was refusal of judgment for plaintiffs n. o. v., quoting record.

*Edward J. Fox,* with him *James W. Fox,* for appellants.—The burden of proof to establish a surrender and acceptance of the lease by the lessor rests upon defendant: Auer v. Penn, 99 Pa. 370; Lane v. Nelson, 167 Pa. 602; Reeves v. McComeskey, 168 Pa. 571; Snyder v. Henry, 32 Pa. Superior Ct. 167; Smucker v. Grinberg, 27 Pa. Superior Ct. 531; Ghegan v. Young, 23 Pa. 18; Fisher v. Milliken, 8 Pa. 111.

*C. F. Smith,* of *Smith & Paff,* for appellees.—While a reletting in itself is not conclusive evidence of acceptance of an express surrender or abandonment of premises, nevertheless if it is for a longer term and upon different terms than the original lease, and is done without some notice or indication to lessees that the reletting is for the benefit of the tenant or that the lessees will be held for the deficiency of rent, it becomes a question of intent and a question of fact for the jury to determine under all the evidence in the case whether the surrender or abandonment was accepted or not: Rafferty v. Klein, 256 Pa. 481; Jenkins v. Root, 269 Pa. 229; Murphy v. Losch, 148 Pa. 171.

Opinion by Mr. Justice Kephart, March 12, 1928:

The appellants leased a property in the City of Bethlehem to the firm of Deiley Brothers Company for five years.   The rent stipulated was $18,000, payable in monthly installments, $300 in cash at the beginning of each year of the lease, and eleven bankable notes in like

sum for the remainder of that year; one note falling due each month. The lease provided, among other things, that, in the event of removal before the expiration of the term, all rentals for the entire term should immediately become due and payable, and on the removal of personal goods from the property without all the rent for the entire term having been paid, "the whole rent in this lease shall be taken to be due and payable." The lease could not be assigned, nor could any portion of the premises be underlet without the written consent of the parties.

During the first year of the lease, lessees organized a corporation of the same name, which, without an assignment or a sublease, conducted business on the property; but, as the rent and the notes were paid to a bank, lessors knew nothing of the change until one of the notes went to protest. As the parties concede that the first lessees continued to be bound by the lease, this attempted substitution is unimportant. The assignment of the lease and the acceptance of rent from an assignee does not relieve the original lessee from liability: Ghegan v. Young, 23 Pa. 18; Fisher v. Milliken, 8 Pa. 111. In any event, this lease specifically provides: "This indenture shall bind all persons claiming under the parties hereto, in whatever character, as fully as if they were in every instance herein named."

The corporation failed in business, and receivers were appointed. Counsel for the receivers notified the lessors that the premises would be surrendered on the first day of May, 1921, when the lease had two years to run. All property of the lessee was removed. The lessors subsequently relet the premises to several tenants for rentals that were less than that called for in appellants' lease. In the last lease, an option was given to the lessees to continue the term for two years beyond that called for in appellees' lease. It also contained a covenant relative to the heating of a part of the premises, but, even if this sum should be included as rent, all amounts re-

ceived by the lessor did not equal the amount called for in the original lease.

The lessor sued for the difference between the rent so received and the balance of the rent due under the first lease. Defendant contended in the court below that there had been a surrender of the lease through a reletting of the property. The court below charged the jury that it was absolutely essential to lessors' right of recovery that lessees be notified the surrender offered was not accepted. The jury found for lessees, but the court below sustained the judgment on the ground that a reletting by the landlord constituted, in law, an acceptance of surrender. This appeal followed. If the court was correct in this view, then the previous erroneous instruction is immaterial.

We had occasion to review some of the questions before us in Jenkins v. Root, 269 Pa. 229, 231. We pointed out that "care must be taken to distinguish cases in this State where it has been held that a second lease may exist for the same premises and for the same term, where the first lessee, without right, abandons the possession. [In such cases,] the landlord may resume possession and rent or repair the property, in the interest of the first tenant, who remains liable for any defalcation or deficiency in the rent, and the joinder of the first lessee in securing another tenant will not work a surrender in law unless the owner agrees thereto: Auer v. Penn, 99 Pa. 370; Lipper v. Bouve, Crawford & Co., 6 Pa. Superior Ct. 452."

Nothing is better settled in Pennsylvania in the law of landlord and tenant than that a tenant for years cannot relieve himself from liability under his covenant to pay rent by vacating the demised premises during the term and sending the key to the landlord. The reason for this is, one party to a contract cannot rescind it at pleasure: Auer v. Penn, supra.

When the lessee quits the premises with an intention to give up all rights to them, and to disengage himself

from liabilities springing from the contract of lease, to make his effort effectual he must procure the lessor's assent, or, in other words, there must be a surrender. A surrender is the yielding up of an estate for years to him who has the immediate reversion, and the effect is to pass the estate of the tenant to the landlord, extinguishing the rent reserved: Milling v. Becker, 96 Pa. 182, 185. Surrender is a contractual act, and it occurs only through the consent of both parties, evidenced by an express agreement or unequivocal act of the parties which implies that they have agreed to consider the surrender as being made: Felker v. Richardson, 32 Atl. 830, 831, 67 N. H. 509, 510. Where assent has been given orally or in writing, no question can arise. The dispute occurs over the acts of the landlord as evidencing assent to the abandonment or a surrender of demised premises by implication of law. To show it there must be evidence of acts so inconsistent with the terms of the first lease that the relation of landlord and tenant, established by the reletting, could not be enforced under the terms of the first lease. Such acts would indicate as a logical and reasonably necessary result that the lessor intended to accept the surrender tendered by the lessees: Whitcomb v. Brant, 90 N. J. L. 245, 100 Atl. 175. These acts must be distinguished from acts of the landlord in protection of the property after an attempted surrender. The burden of showing such acceptance is on the lessee: (Auer v. Penn, supra; see also 35 C. J. 1094), and is primarily a question of the landlord's intention. It is usually a question of fact for the jury (Breuckmann v. Twibill, 89 Pa. 58), but the evidence may be such as to make it one of law for the courts.

The lessees contend there is a surrender through the lessors' neglect to protest or to notify them that they would not accept the abandonment. The court below instructed the jury such notice was necessary. This is not the law. The result of such instruction is to make every quitting or abandonment of the premises effective

as a surrender unless such notice is given. The landlord is not required to protest against an abandonment of the demised premises: In re Mullings Clothing Co., 238 Fed. 58.

Lessees now claim that an acceptance appears from the fact that notice was not given that the reletting was for lessees' benefit. The lessors' right to claim for rent after abandonment does not depend on either notice. The legal relations existing between the parties have not been changed by the absence of notice, and, in the reletting, where the new leases are within the terms of the original lease (Rafferty v. Klein, 256 Pa. 481), lessor's right is not lost.

The contract of lease created an estate in the lessee, and covenants between the lessor and lessee. The privity of estate, which is part of the completed legal relation of landlord and tenant, is divested when the lessee quits the premises. If the landlord refuses to accept the surrender offered, the privity established by the contract is not terminated. The liability to pay rent is based on the covenants therein. The landlord, under his common law right, for the protection of the demised premises, has a legal right to enter. On this theory he could permit the premises to remain idle and recover for the balance of the entire term: 16 R. C. L. 969, section 431. Reletting is not imposed on a landlord as a duty (Auer v. Penn, supra); and he cannot be held liable for failure to rent where a tenant is offered: Lipper v. Bouve, Crawford & Co., supra. Nevertheless, a landlord should be reasonably diligent in securing a desirable tenant for the best rent obtainable to minimize the first lessee's loss: In re Mullings Clothing Co., supra. Reletting does not invade the covenants by which lessee was bound, unless it exceeds or is so inconsistent with them that the two leases could not stand together. Reletting within those covenants is merely the administration of an abandoned estate. When it is done, the landlord should not be held to have accepted the abandon-

ment merely because he does not notify the lessee that the reletting is for his benefit. Lessees must respond to a liability arising from the covenant of the lease. An act done to minimize that liability does not discharge the lessee from that covenant.

In the present case, under the last reletting, the tenant was given the right to an extension of two years. This right was not hostile to the terms of the first lease. Moreover, it was for the benefit of the lessee, as the tenant, in all probability, could not have been procured without this extension. Had the lease disregarded the first lease and created a term extending beyond that in the original lease, it would indicate an intention to accept the abandonment: Rafferty v. Klein, supra. As to the provision relative to heat, in the reletting, it was stated that, if a certain part of the building was to be heated, the new tenant should pay a certain sum for it; but this sum, added to his rent, would not equal the rent provided in the original lease. It created no additional burden on the terms of that lease.

The lower court was in error in not holding, first, that it is not necessary for a landlord to notify a tenant abandoning the property that he will not accept the surrender and will hold him for the rent for the balance of the term; second, that it is not necessary for the landlord to notify the lessee on reletting during his term that the reletting is for his benefit to minimize his loss; and third, that a reletting within the terms of the first lease is not such an equivocal act as to indicate an intention on the part of the lessor to accept the surrender of the property.

The affidavit sets up as a defense the acceptance of surrender through the leases discussed. This we have passed on, and, as there are no other facts for consideration, appellants are entitled to have their motion for judgment n. o. v. granted.

The judgment of the court below is reversed, and it is directed that judgment be entered for the amount shown to be due plaintiffs, costs to be paid by appellees.