## Motch's Administrator v. Portner et al.

(Decided January 16, 1931.)

A. L. INSKEEP and FRED C. DRAKE for appellant.

J. R. McGARRY for appellees.

Opinion of the Court by Judge Rees—Reversing.

This is a suit for rent. There was a verdict and judgment in favor of the defendant John P. Glenn, and the plaintiff has appealed.

The facts show that on February 1, 1926, the plaintiff, who is the appellant here, leased in writing to Earl E. Portner and John P. Glenn a storeroom and dwelling located on Madison avenue in Covington, Ky., for a term beginning July 1, 1928, and ending on December 31, 1930. The stipulated rental was $3,750 payable in monthly installments of $125 each. Among other things the lease provides: "And said lessees for themselves and for their executors, administrators and assigns, do hereby Covenant and Agree with said lessor, their heirs and assigns, that they will pay said rents in manner aforesaid, unless said premises shall be destroyed or rendered untenantable by fire or unavoidable accident; that they will not do or suffer any waste therein, nor use said premises for any unlawful purpose, nor assign this lease, nor underlet said premises, nor any part thereof, without the written consent of said lessors."

Portner and Glenn were partners doing business under the firm name of High Grade Baking Company and were occupying as tenants the property in question when the lease of February 1, 1926, was made. The lease of a former tenant which expired on July 1, 1928, had been assigned to them with the consent of the lessor. On October 8, 1926, Glenn sold his interest in the partnership to Portner for a consideration of $1,500 and assigned to him his interest in the lease beginning on July 1, 1928; and terminating on December 31, 1930. The rent was paid to appellant until September 1, 1928, when Portner abandoned the premises. Appellant procured another tenant for the premises on December 15, 1928, and he then brought this suit against Earl E. Portner and John P. Glenn for the unpaid rent alleged to be due under the lease from September 1, 1928, to December 15, 1928, amounting to $445.96.

Glenn filed an answer which was in two paragraphs. Paragraph 1 reads as follows: Comes the defendant, John P. Glenn, and for answer herein admits that he executed and delivered to A. E. Motch, Administrator of the estate of M. C. Motch, on the 1st day of February, 1926, a lease on the property known as 1054 Madison

avenue, to be used as a bakery to begin on the first day of July, 1928, and to continue thereafter for thirty months, until December, 1930. Defendant denies that he entered upon said property and denies that he took possession thereof, and denies that he was in possession thereof until September, 1928; denies that he abandoned said property on said date and denies that he was in possession of said property on any of the dates mentioned in plaintiff's petition.'' In paragraph 2 of his answer he alleged that on October 8, 1926, he entered into a contract with Earl E. Portner whereby he assigned and transferred all his interest in the lease to Portner, and that appellant knew that he (Glenn) was no longer a partner in the business, and that the rents were thereafter to be paid by Portner, and, that appellant accepted payments for the rent from Portner from October, 1926, until Portner abandoned the leased building on September 1, 1928, and that by reason thereof appellant was estopped from setting up any claim against the defendant Glenn.

A demurrer to paragraph 2 of the answer was sustained, and Glenn was given leave to amend, but no amendment was filed. Glenn testified that after the partnership had been dissolved he notified J. G. Dilger, who he claims was appellant's agent, that thereafter appellant must look to Portner for the rent. It appears that when the partnership was dissolved appellant was in Europe. Dilger was employed by appellant as the manager of a jewelry business owned by the M. C. Motch estate of which appellant was administrator. During appellant's absence Dilger received and deposited rents from property owned by the Motch estate, but the evidence does not disclose that Dilger had any authority as appellant's agent to modify the lease in question or to agree to its surrender or assignment. In fact the evidence fails to disclose that Dilger, assuming to act for appellant, consented to the surrender of the lease by Glenn. Glenn's testimony was as follows:

"Q. Did you, after this lease was entered into, did you talk with Mr. Motch or any of his representatives about this lease? A. I talked to Mr. Dilger here.

"Q. What conversation did you have with Mr. Dilger? A. I told him that we had dissolved part-

nership, that I had dissolved partnership with Earl E. Portner, and that from that date on he had to look forward to Mr. Portner paying him the bills that were brought up there.

"Q. When you told Mr. Dilger that you didn't intend to go through with that lease, what was said by him to you? A. He told me he would attend to it.

"Q. Did he say he would attend to it or it would be all right? A. He said he would see Mr. Motch, he thought it would be all right."

Even had Dilger conveyed Glenn's message to appellant, the latter was required to take no action to hold Glenn liable for future rents. As said in Owens v. Ramsey, 213 Ky. 279, 280 S. W. 1112, 1115, 52 A. L. R. 149: "The fact· that a landlord does not actually protest against the vacating of property by a tenant before the expiration of the term, but elects to stand upon the terms of his contract without comment, when the tenant notifies him of his purpose to vacate, cannot be construed into an agreement by him that the rental contract is terminated." The assignment of a lease is not a surrender, and does not relieve the lessee from his covenant to pay rent, even though rent be accepted from the assignee. Surrender is a contractual act, and it occurs only through the consent of both parties. In order to relieve a tenant from liability under his covenant to pay rent, the landlord's assent to a surrender of the demised premises must be evidenced by an express agreement or an unequivocal act on this part which implies an acceptance of the surrender. The burden of showing such acceptance is on the lessee. 16 R. C. L., sec. 672, p. 1153.

Here there was no evidence tending to show that appellant accepted Glenn's surrender of the lease. Furthermore, there was no pleading authorizing the admission of such evidence had it been offered. It follows that the trial court erred in failing to peremptorily instruct the jury to find for the plaintiff.

Wherefore the motion for an appeal is sustained, the appeal granted, and the judgment reversed for further proceedings consistent herewith.