# Hagan v. Haynes et al.

May 11, 1945.
As Modified on Denial of Rehearing
June 22, 1945.

J. Lee Moore, Joe P. Clark and John B. Rodes for appellant.
A. B. Crow for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On September 19, 1940, E. M. Haynes owned a store building in the city of Franklin and on that day he entered into a written contract with the appellant, A. L.

Hagan, whereby the building was rented to the latter for the period of five years at a rental of $35 per month. Appellant was then engaged in the plumbing business under the trade name of "Franklin Plumbing Company", but the lease was not to begin until October 1, 1940. The lessee occupied it from October 1, 1940, until December 31, 1942, during which time he paid all of the stipulated rental and abandoned the lease and vacated the premises, paying no rent to anyone thereafter.

The lessor, Haynes, died intestate on January 23, 1943, 23 days after appellant abandoned the lease, to which he also claims the lessor, Haynes, agreed. The lessor's widow qualified as his administratrix and she individually, and as such fiduciary, and her son, R. M. Haynes, filed this action in the Simpson circuit court on February 23, 1944, to recover the rental due under the lease contract up to that date, with interest on each unpaid monthly rental, in all amounting to $490 after some credits from rental obtained from other lessees after the abandonment by appellant. The petition was amended before trial so as to increase the total recovery sought for accrued rentals and interest since the filing of the petition, which made the total sum for which recovery was sought $630, and for which judgment was rendered on a directed verdict by the court in favor of plaintiffs, the appellees.

The defendant answered the petition relying on two defenses, (1) that he rented the premises solely for conducting his plumbing business, and that under Federal regulations rationing necessary material therefor he was unable to further continue his business which he alleged gave him the right to abandon or surrender the lease, and (2) that he so informed his now deceased landlord, who agreed that the surrender might be made and accepted it.

Defense (1) seems to have been abandoned and is not urged on this appeal, but defense (2) is vigorously pressed by counsel for appellant, in which they insist that it should have been upheld by the trial court directing the jury to return a verdict for appellant, or at any rate that the issue as to whether E. M. Haynes impliedly accepted the surrender made by appellant, whereby he became released from the payment of future monthly rentals, should have been submitted to the jury. Appropriate

pleadings made the issues and at the close of appellant's testimony (upon whom the court correctly decided was the burden of proof) the peremptory instruction in favor of plaintiffs was given.

Defendant testified that he rented the premises from the owner as charged in the petition upon the terms therein stated, and that he surrendered it to the lessor on December 31, 1942, and he paid no rent thereafter; that at the time of the surrender he delivered the keys to the lessor who thereafter, and up to his death permitted another tenant to occupy a portion of the premises, and that after the lessor's death his personal representative leased the premises to a new tenant, who it appears continued his occupancy until the filing of the action and up to the rendition of the judgment. Defendant did not testify, in terms, that Haynes, the lessor, agreed to the surrender of the lease, the reason for which was, no doubt, that he was an incompetent witness under section 606 of the Civil Code of Practice to so testify. However, he did testify that the lessor placed a "For Rent" sign on the front of the building and advertised the property for rent in the Franklin Favorite, a newspaper published in Franklin. He testified that a sign he had painted on the front door, "Franklin Plumbing Company", was erased by the lessor and that no one ever demanded of him, following his surrender of the lease, any rent until a few days before the action was filed and which was done by plaintiff's attorney. He introduced two witnesses to prove his surrender of the lease and its acceptance by the lessor, one of whom was Joe Waggoner, and the other one was Calvin McGlothin.

Waggoner testified that he was an employee of defendant as one of his workmen and mechanics in the prosecution of the defendant's plumbing business and that he was present when the surrender of the lease was made to the deceased lessor. The material part of his testimony relating to the surrender and acceptance of the lease is:

"Mr. Hagan informed Mr. Haynes that on account of the plumbing and heating fixtures having been 'frozen' by the government that he would be unable to pay the rent of $35.00 per month, and that if he would reduce the rent to $15.00 a month, he would stay on in the building. Mr. Haynes informed him that if he could not

pay the $35.00 per month, he could move out and he would go in business in the building himself. Then Mr. Hagan told him, 'All right', he would move out, to which Haynes replied, 'All right'; and that Hagan did move out of the building on the 31st day of December, 1942. At the time I refer to, Mr. Haynes came into the shop to collect his rent.''

McGlothin was another employee of appellant whose testimony was substantially the same as that given by Waggoner. The occupancy of the building following the surrender of the lease was proven by two other witnesses testifying for defendant. As heretofore stated defendant. had the burden of proof and at the close of his evidence the peremptory instruction in favor of plaintiffs was given by the court.

It is vigorously argued in behalf of appellees that the proof was insufficient to show an acceptance of the surrendered lease and which is essential to relieve the lessee from future obligations of his rental contract. It is agreed by counsel that appellant legally offered to surrender the lease to his lessor but the argument is directed to the point that the latter never accepted the surrender in a manner to cancel the lease and relieve the lessee from future obligations thereunder. The text in 35 C. J. 1091, section 277, and following ones, deal with the question of what constitutes an acceptance of the surrender of a lease contract. In the beginning of the text as contained in the publication referred to, it is stated:

''An express agreement to accept the premises need not be shown, but the landlord's consent may be implied from circumstances and from the acts of parties, inconsistent with the continuance of the lease.''

The following sections state what constitutes and what does not constitute an implied acceptance of the surrender, none of which do we deem it necessary to discuss for the reason hereinafter stated. The text in 32 Am. Jur. 763, section 901, says: ''A surrender of demised premises occurs only through the consent or agreement of the parties evidenced either by an express agreement, or by the unequivocal act inconsistent with the terms of the lease as to imply in law an agreement to surrender.'' Other citations, or excerpts therefrom, are

not necessary, since they are all in accord with the texts of the two publications referred to. Neither have we found any opinion from either this court or that of any other American court in conflict with the cited text. On the contrary, this court in the cases of Owens v. Ramsey, 213 Ky. 279, 280 S. W. 1112, 52 L. R. A. 149 and Motch's Admr. v. Portner, 237 Ky. 25, 34 S. W. 2d 744—and other domestic ones that could be cited—adopted and approved the doctrine of the cited text to the effect that the acceptance of a surrendered lease by the lessee may be made by the lessor in two ways—one, by acts and conduct clearly indicating an intention of the landlord to accept the surrender, and the other by express acceptance. Two of many foreign cases reported in Willis v. Kronendouk, 58 Utah 592, 200 P. 1025, 18 A. L. R. 947 and Weinsklar Realty Co. v. Dooley, 200 Wis. 412, 228 N. W. 515, 67 A. L. R. 875, are to the same effect.

The evidence in this case supporting the conclusion of an implied acceptance was such as to require the submission of that issue to the jury, and for that reason alone the court erred in directing a verdict for plaintiffs. But, since we have concluded that defendant's testimony established an express acceptance of the surrender, it will be unnecessary to further discuss the issue of implied acceptance.

The testimony of the only two witnesses who testified as to what occurred between the lessor and lessee with reference to the surrender was, as we have seen, that "Mr. Haynes informed him (appellant) that if he could not pay the $35 per month, he could move out and he (Haynes) would go in business in the building himself"; that thereupon the lessee said, "Alright he would move out," to which the lessor replied, "Alright." It was shown that pursuant to that conversation the surrender was made. It will thus be seen that the undisputed evidence discloses that the landlord stated that he would "go in business in the building himself", and not that he would rent the premises to others in order to minimize the amount recoverable from the lessee because of a wrongful abandonment. In other words, the undisputed testimony shows that the tendered surrender, because of the reason given therefor, was expressly accepted by the lessor. We are unable to give any other interpretation to the testimony as to what occurred at

the time of the surrender. It follows that the court erred in giving the peremptory instruction for a return of a verdict in favor of plaintiffs. On the contrary, defendant made out his case and the court should have heard plaintiff's evidence and if it contradicted defendants, the issue should have been submitted under appropriate instructions.

Wherefore, the judgment is reversed for proceedings consistent with this opinion.