Kenneth H. Holmes *v.* Garry Freeman

Appellate Division of the Circuit Court

File No. CV 10-613-172M

Argued April 13—decided June 29, 1962

*Frank J. McIntosh,* of Groton, for the appellant (defendant).

*Matthew Shafner,* of New London, for the appellee (plaintiff).

GEORGE, J. The court found the following facts: On September 12, 1958, the plaintiff leased to the defendant, on an oral month-to-month lease, a furnished house at the monthly rental of $100. It is conceded that the furnishings and personal property belonged to the plaintiff's wife. The defendant occupied the premises. Thereafter, and sometime before September 11, 1959, the parties agreed that the lease should be terminated as of that date. The defendant and his family left the house on September 11, 1959, after securing the doors and windows. There was only one key for gaining entrance into the premises, and the defendant retained that key until sometime after September 12, 1959. The key was received in the mail by the plaintiff on September 17, 1959.

On the latter date, the plaintiff, accompanied by his wife, entered the house and found that damage had been done to various items of furniture and personal property. The court concluded that the defendant occupied the premises from September 12, 1959, to September 17, 1959, and awarded damages

for the period of occupancy. The court further concluded that the defendant, as bailee of the furnishings on the premises, failed to return the property in the condition in which it had been bailed and that the damage, destruction and loss were due to the negligence of the defendant and to the lack of care required of him as a tenant, and damages were assessed.

The defendant asserts that both parties agreed to a termination of the lease, to be effective on September 11, 1959, which, incidentally, was the last day of the month-to-month tenancy, and further claims that as long as there was no agreement for continued possession the surrender took place on that day. Defendant contends that the surrender of the key was not important. The burden of proving surrender is upon the party alleging it. *Bedford* v. *Terhune,* 30 N.Y. 453. A surrender of leased premises may occur through the consent or agreement of the parties; however, where there has been surrender, acceptance thereof is to be determined by the intentions of the parties, and thus it is a question of fact. *Ralph* v. *Deiley,* 293 Pa. 90. The burden of proving acceptance of surrender is upon the lessee. *Motch* v. *Portner,* 237 Ky. 25; *Bedford* v. *Terhune,* supra. A landlord need not give notice to the lessee of his refusal to accept the surrender of the leasehold in order to prevent the attempted surrender from becoming effective. *Ralph* v. *Deiley,* supra.

In this case, the retention of the key by the defendant was not merely symbolic. It was the only key to the premises. The defendant wrongfully withheld possession beyond the expiration of the lease until September 17, 1959, when the key was received in the mail by the plaintiff. As a result of this holdover, the defendant is responsible for reasonable rental for use and occupancy. *Byxbee* v. *Blake,*

74 Conn. 608, 611. While it is true that the plaintiff and the defendant had agreed to a surrender which was to take place before September 12, 1959, and a surrender was anticipated by the parties, no surrender took place either in fact or by operation of the law. 32 Am. Jur. 765, § 905. There was no acceptance of a surrender, nor was possession obtained by the plaintiff until September 17, 1959. The surrender must be considered in the light of the surrounding circumstances. *McGrath* v. *Shalett,* 114 Conn. 622, 626.

One who continues to occupy premises beyond the terms of his lease, where no agreement, expressed or implied, exists for such continued occupancy, becomes a tenant at sufferance because, while he came into possession rightfully, he continued in possession wrongfully after his rights had been terminated. *Welk* v. *Bidwell,* 136 Conn. 603, 608. Where there is no agreement to the terms of continued occupancy, the obligation arising from such occupancy is one for the reasonable rental value of the use of the premises. *DiCostanzo* v. *Tripodi,* 137 Conn. 513, 515; *Welk* v. *Bidwell,* supra, 609.

As to the second count, in a lease wherein personal property is included, the contract is twofold in character in that a lease in its proper sense is a lease of the land and there is a bailment of the personal property, and the rights and liabilities of the parties as regards the personal property are governed by the general principles of bailments. 32 Am. Jur. 162, § 168. The care required of a tenant is the same as that expected of a prudent owner. The bailment of personal property here arises from the delivery of goods in trust, upon a contract, expressed or implied, that the trust shall be duly executed and the goods restored to the bailee as soon as the purpose of the bailment shall be answered. *Zeterstrom* v. *Thomas,* 92 Conn. 702, 704.

The liability for damage to bailed property may spring either from negligence or from contract. *Samelson* v. *Harper's Furs, Inc.,* 144 Conn. 368, 372. As a general rule of law, where a bailee is unable to restore the bailed property or returns it in a damaged condition, there arises a presumption that the loss or damage was the result of the bailee's negligence. "This presumption prevails unless and until the bailee proves the actual circumstances involved in the damaging of the property. . . . The circumstances which the bailee must prove must be something more than those indicating the immediate cause of the damage. The proof must go so far as to establish what, if any human conduct materially contributed to that immediate cause. . . . After those circumstances were proved, the burden was upon the plaintiff to satisfy the trier that under all the circumstances the defendant failed to exercise reasonable care in a particular which caused the damage . . . ." *Leake & Nelson Co.* v. *W. J. Megin, Inc.,* 142 Conn. 99, 102; see *Frissell* v. *John W. Rogers, Inc.,* 141 Conn. 308. The defendant has not provided the actual circumstances involved in the damaging of the property.

The defendant disputes the right of the plaintiff to recover because the articles in question were the property of the plaintiff's wife who, although a witness, was not a party to the action. The defendant's claim is based upon the theory that in order to recover, the plaintiff must have a general property interest in the things bailed. The action in the second count is a possessory one and not one involving title. The possession of the plaintiff was rightful, and, as bailee, he had at least a special property in the furniture as against the defendant. That the plaintiff, as his wife's bailee, can recover in full from the third party under such circumstances has been fully established in our law. *Rail-*

*way Express Agency, Inc.* v. *Goodman's New York & Connecticut Express Corporation,* 129 Conn. 386, 388, 389, *Frissell* v. *John W. Rogers, Inc.,* supra.

The final question to be disposed of is that of damages. Where total loss of personal property has occurred, damages are measured by the fair value of the property at the time that it was destroyed. *Stoll* v. *Almon C. Judd Co.,* 106 Conn. 551, 560. Where the injury is reparable, damages are generally approximated by the cost of repairs to restore the article to its former condition. *Bullard* v. *deCordova,* 119 Conn. 262, 268. The owner of household furniture may recover its usable value to himself and not merely its value to a secondhand dealer, though no sentimental value can be taken into account. 2 Sedgwick, Damages (9th Ed.) p. 1508. Where from the nature of the case the amount of damages cannot be proven with exactitude, all that can be required is that the evidence, with such certainty as the nature of the case may permit, lay a foundation which will enable the trier to make a fair and reasonable estimate. *Hedderman* v. *Robert Hall of Waterbury, Inc.,* 145 Conn. 410, 414. The mere difficulty in the assessment of damages is not a sufficient reason for refusing damages where the right to them has been established. *Ball* v. *T. J. Pardy Construction Co.,* 108 Conn. 549, 552; *Ward* v. *General Ice Cream Corporation,* 118 Conn. 363, 366. Where a defendant has, by his wrongful act, made the calculation of damages difficult, he cannot argue such difficulty as a reason for not assessing by approximation. *Crowell* v. *Palmer,* 134 Conn. 502, 510. The court had the advantage of testimony on the question of appraisal as well as the benefit of viewing photographs, which, for all practical purposes, amounted to a visual inspection of the property, and such action furnished evidence as truly as though the same information

had been presented by lips of witnesses. *G. F. Heublein, Inc.* v. *Street Commissioners,* 109 Conn. 212, 218.

There is no error.

In this opinion JACOBS and PRUYN, Js., concurred.