## Hoffman Estate

Before Klein, A. J., Bolger, Lefever, Saylor, Shoyer and Burke, JJ.

*David S. Malis,* for exceptant.

*R. Jere Bloche,* contra.

BOLGER, J., June 30, 1969.—

### SUR EXCEPTIONS TO ADJUDICATION

The exceptions are two in number. The first is that the auditing judge erred in failing to find as fact and conclude as law that there was an effective surrender

of the premises by decedent's estate. The second is that the auditing judge erred in failing to find that the claimant was bound to mitigate the damages by attempting to rerent the premises and that it failed to attempt to do so.

A careful reading of the adjudication and our study of the applicable law convinces us that the learned auditing judge was correct as to the subject matter of both exceptions.

To constitute a surrender, a word of art in landlord and tenant relationships, the abandonment of possession by the lessee must be accepted by the lessor either expressly such as by written or by oral statements, or impliedly by actions which are inconsistent with the continuation of the tenant's rights in the leased premises. Only then is the obligation of the lessee to pay the rent reserved under the lease void.

The burden of proof to establish such surrender rests upon the shoulders of the lessee: Ralph v. Deiley, 293 Pa. 90 (1928); Auer v. Penn, 99 Pa. 370 (1882); Lawton v. DeAngelo, 169 Pa. Superior Ct. 380 (1951); Staskin v. Powell, 37 D. & C. 2d 233 (C. P. Del. 1965).

The record unequivocally sustains the finding of the auditing judge that there never was a meeting of the minds between the estate and the landlord either before or after the abandonment. It discloses that none of the various offers and counter-offers were ever accepted in a timely fashion by either party. Therefore, the lessee, having failed to sustain the burden of proof to establish a surrender, the finding of fact by the auditing judge must be sustained.

The exception as to the failure of the landlord-claimant to attempt to mitigate the lessee's loss has two aspects. The first is whether or not there is a duty *of any kind* upon the landlord to take steps to mitigate the loss by reletting the premises for the balance of the term. Second, if there is some duty to mitigate

damages by reletting, the question is what efforts must be made by the landlord to do so. The cases on this subject under Pennsylvania law starting with Milling v. Becker, 96 Pa. 182 (1880), Auer v. Penn, supra; and Lipper v. Bouve, Crawford & Company, 6 Pa. Superior Ct. 452 (1898), indicate that there is no duty under Pennsylvania law for a landlord to do anything to mitigate or reduce his damages when the lessee has abandoned the premises. In only one Pennsylvania case is there any indication that the law is to the contrary. In Ralph v. Deiley, supra, Justice, later Chief Justice, Kephart stated:

"If the landlord refuses to accept the surrender offered, the privity established by the contract is not terminated. The liability to pay rent is based on the covenants therein. The landlord, under his common law right, for the protection of the demised premises, has a legal right to enter. On this theory he could permit the premises to remain idle and recover for the balance of the entire term: 16 R. C. L. 969, section 431. Reletting is not imposed on a landlord as a duty (Auer v. Penn, supra); and he cannot be held liable for failure to rent where a tenant is offered: Lipper v. Bouve, Crawford & Co., supra. *Nevertheless, a landlord should be reasonably diligent in securing a desirable tenant for the best rent obtainable to minimize the first lessee's loss: In re Mullings Clothing Co., supra.*" (Italics supplied).

A careful reading of this decision clearly indicates that the statement concerning the obligation of the landlord to be reasonably diligent in securing a desirable tenant is dictum because in that case the landlord in fact relet the premises. It was a gratuitous statement culled from a Federal case arising in Connecticut and supported by New York, Minnesota and Vermont cases. It has no application here. We, therefore, affirm the conclusion of the learned auditing judge that there

was no obligation on the lessor to attempt to relet the premises.

Assuming, however, that the dictum of Ralph v. Deiley, supra, were to be accepted as sound law, the record here does not support the claim of the lessee that the landlord did not exercise reasonable diligence in attempting to relet the premises. This is aside from the circumstance that the lessee apparently did nothing on its part to obtain another tenant and thereby reduce the loss. It is our view of the law that just as the burden of proof rests upon the lessee to establish that there was an acceptance by the landlord of the abandonment thus resulting in a surrender, the burden to establish the failure of the lessor to mitigate damages rests upon the lessee for the reason that it was the wrongful action of the tenant, i.e., the abandonment which caused the apartment to be vacant.

Mr. Malis, attorney for the estate, elicited from the landlord's manager that there were between 75 and 100 other apartments of comparable size and price in the apartment building. His position is that it was the duty of the landlord to attempt to rent the apartment in question before offering any other apartment which may have been vacant. There is nothing in the record to sustain any finding that new tenants were secured for any of the other comparable apartments during the balance of the term of this lease. There was a complete failure of proof on the issue of whether the landlord exercised reasonable diligence if indeed it was obligated to do so.

Parenthetically, we do not sustain the lessee's proposition that the landlord should give priority to the apartment in question for rerenting before it attempted to lease any other comparable apartment. This would necessarily result in the landlord's sustaining a further loss in addition to that which it might have sustained if it could not recover from the lessee.

36

We state this because the initial problem was created by the lessee in breaching the lease by abandoning the premises. As a matter of law or equity, we refuse to accept the argument advanced by lessee's counsel.

For the foregoing reasons the exceptions are dismissed and the adjudication confirmed absolutely.