762 F.2d 1010
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RABO, INC.; ANTHONY P. RAGOZINE; MONTIE M. RAGOZINE,
PLAINTIFF-APPELLANTS,
v.
NORLIN INDUSTRIES, INC., A/K/A LOWREY MALL DEVELOPMENT,
INC., DEFENDANT-APPELLEE.
 NO. 84-5322
 United States Court of Appeals, Sixth Circuit.
 3/11/85
 
 On Appeal from the United States District Court for the Western District of Kentucky
 BEFORE: KEITH and KRUPANSKY, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This appeal arises from an order entered by the United States District Court for the Western District of Kentucky granting summary judgment, dismissing the complaint of the appellants and awarding the appellee $126,924.77. Appellants, Rabo, Inc., and the company's principals, Authony Ragozine and Montie Ragozine ('Rabo'), filed suit in Kentucky state court against appellee Norlin Industries, Inc. to recover the value of leasehold improvements which appellants paid for pursuant to the parties' sublease agreement. Norlin removed the case to federal district court and moved for summary judgment in the amount of $126,924.77. Rabo conceded indebtedness to Norlin in excess of $60,000 but claimed an offset 'in the sum of its leasehold improvements ($120,000).'
 
 
 2
 The court granted Norlin partial summary judgment for the $60,939.56 Rabo admittedly owed. The court then analyzed the clause in the parties' sublease agreement which provided the sole terms by which the leasehold improvement costs could be recovered. The court determined that the clause did not operate as an unconscionable liquidated damages clause and entered final summary judgment, awarding Norlin the balance of the $126,924.77 against which Rabo had claimed an offset in the leasehold improvement costs. We affirm the judgment below for the following reasons.
 
 Leasehold Improvements Costs
 
 3
 The parties' sublease agreement provides in paragraph 8(b) that Rabo may recover the leasehold improvements costs, less depreciation, if Norlin seeks termination of the agreement, and Rabo, at the time of termination, is not in default. Joint Appendix at 11. We are in agreement with the district court that this clause does not constitute an unconscionable liquidated damages clause. The clause does not seek to prescribe the parties' course of conduct or payment of sums to cover costs in case of breach. See Steffen v. United States, 263 F.2d 266, 270 (6th Cir. 1954). Nor does the clause operate as an unenforceable liquidated damages clause imposing a sum which is the equivalent of a penalty bearing no relation to estimated damages to be incurred in case of breach. The clause does not govern circumstances where either party is in default; it provides for Rabo's equitable recovery of leasehold improvement costs in the event Norlin seeks termination. The parties agreed these would be the sole terms under which Rabo could recoup its investment. We see no reason to find paragraph 8(b) unenforceable. Therefore, judgment on this issue is affirmed based on the district court's reasoning as recorded in its memorandum opinions dated November 18, 1983, and March 13, 1984.
 
 
 4
 Rabo challenges the district court judgment on the additional grounds that material questions of fact about several issues precluded summary judgment for Norlin.
 
 
 5
 Amounts Rabo Owed for Past Rent and the Promissory Note
 
 
 6
 Rabo contends that the conflicts between the deposition testimony of Anthony Ragozine and that of Norlin credit manager James Heerema about the sums Rabo owed Norlin for past rent due and for the balance on a promissory note raised material issues of fact precluding summary judgment. We do not agree. A party opposing a motion for summary judgment must set forth specific facts establishing a genuine issue for trial. Fed. R. Civ. Pro 56(e). In our view, however, the record does not permit this Court to conclude that the proof submitted by Rabo to oppose summary judgment on these issues sufficiently raised genuine issues of fact.
 
 
 7
 Eighteen (18%) Percent Interest On the Open Account
 
 
 8
 Rabo contends the district court impermissibly awarded Norlin interest on its open merchandise account at the rate of 18% per year despite James Heerema's testimony that Rabo never agreed in writing to pay Norlin eighteen percent. Rabo bases this argument on Kentucky laws which provide for a legal rate of interest at eight (8%) percent per annum and allow interest in excess of that rate only where the parties agree in writing to a higher rate. Ky. Rev. Stat Sec. 360.010(1). The court determined that Rabo was notified in writing that the carrying charges on its open account were 1.5% per month; that Rabo was billed monthly at this rate; and that Rabo had paid the charges without prior complaint. Rabo, in essence, agreed to pay this rate of interest on the open account. As these findings are not clearly erroneous, the district court did not err in approving a rate of 18%.
 
 Rent Accrued
 
 9
 Finally, Rabo contends that the district court erred in granting summary judgment on the issue of rent accrued between November 1980 when Norlin took possession of the store and February 1981, the time Norlin re-rented the store. Norlin's witness, James Heerema, testified in his deposition that Norlin immediately took possession of the store and operated it as a retail establishment until a new sub-tenant was found. Rabo argues that Norlin's operation of the store for profit during this period is inconsistent with its claim that it was simply trying to find another tenant and constitutes a waiver of its right to claim additional rent from Rabo. Rabo points to Hagan v. Haynes, 300 Ky. 377, 188 S.W.2d. 445 (1945), where the Kentucky Supreme Court held that the acceptance by a landlord of the surrender of the lease will relieve the tenant from the obligation to pay rent accrued in the future. We do not agree with appellant's analysis of this issue. Paragraph 17 of the sublease agreement specifically provides that if Rabo defaults in the payment of rent, Norlin has the 'cumulative' rights and remedies to enter the premises and still hold Rabo liable for damages resulting from Rabo's default, including additional rent. Joint Appendix at 13. Rabo does not challenge the validity of this provision. Thus, the district court did not err in granting Norlin summary judgment on this claim.
 
 
 10
 Accordingly, the judgment of the Honorable Charles M. Allen is affirmed.