## Mon Valley Travel Inc. v. Morgan Management Company

C.P. of Butler County, no. 94-50011.

*Anthony J. Guida,* for plaintiff.
*Michael D. Hnath* and *Thomas W. King,* for defendant.

RAUSCHENBERGER, *P.J.,* April 26, 1995—The sole issue before the court for consideration is whether the defendant, Morgan Management Company, has a duty to mitigate its damages. For the reasons set forth below, we find that such duty exists.

By memorandum opinion and order dated March 13, 1995, this court granted partial summary judgment to defendant on the issue of liability under a lease agreement

executed by the parties. This court determined that plaintiff failed to fully comply with the terms of the lease agreement to adequately effectuate a termination.

Although this court reserved a decision on the amount of damages owed in the case, the parties have requested a determination as to defendant's duty to mitigate.

Plaintiff contends that a landlord has a duty to mitigate damages citing *Essex House Apartments v. Max Keyser,* 142 Pitts. Leg. J. 520 (Allegheny County, 1994) and *In re New York City Shoes Inc.,* 86 B.R. 420 (Bankr. E.D. Pa. 1988).

Pennsylvania appellate courts have only addressed this issue two times, in the form of dicta, and have suggested contrary results.

The first was *Auer v. Penn,* 99 Pa. 370 (1882) in which the Pennsylvania Supreme Court concluded that a landlord was not under any duty to mitigate. The rationale given for *Auer* is that a leasehold is a purchase of an interest in realty which must be treated differently from a contract involving personalty. *In re New York City Shoes Inc., supra* at 424. *Ralph v. Deiley,* 293 Pa. 90, 141 A. 640 (1928) was the second case to address this issue. In *Ralph,* the Pennsylvania Supreme Court determined that if a landlord undertakes to rent a premises, he should be reasonably diligent in securing a desirable tenant for best rent obtainable to minimize the first lessee's loss.

Recently, there has been a shift by the courts to apply contract law principles to many areas touching on landlord/tenant law. See *Commonwealth v. Monumental Properties Inc.,* 459 Pa. 450, 329 A.2d 812 (1974); *Pugh v. Holmes,* 486 Pa. 272, 405 A.2d 897 (1979).

As a result of this shift, the bankruptcy court in the case of *In re New York City Shoes Inc., supra* at 424,

predicted that the Supreme Court would apply contract law principles to the issue of mitigation in the area of landlord/tenant law and revise the aged doctrine set down in the "agrarian society" of *Auer.*

Similarly, this reasoning was adopted in the Allegheny County case of *Essex House Apartments v. Max Keyser, supra.* In doing so, the court concluded that a landlord has a duty to mitigate damages based on the Restatement (Second) of Contracts §350.

Defendant argues that *Essex* is distinguishable from the present case because this case involves a commercial lease agreement and not a residential lease, which existed in *Essex.* We disagree.

Even though neither *Essex House Apartments* nor *In re New York City Shoes Inc.* is authoritative in this jurisdiction, we find their reasoning to be persuasive. In doing so, we find that a landlord, whether in a residential or commercial setting, has a duty to mitigate damages based on the contract law principles outlined in Restatement (Second) of Contracts §350.

Accordingly, we enter the following:

## AMENDED ORDER

Now, April 26, 1995, after due consideration of all matters of record and in accordance with the foregoing memorandum opinion, it is ordered that the defendant has a duty to mitigate its damages.

The parties are directed to continue to proceed in accordance with the Pennsylvania Rules of Civil Procedure.