RENDERED: DECEMBER 6, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1489-MR


SCOT EVANSON AND LORI
EVANSON                                                            APPELLANTS


                     APPEAL FROM JEFFERSON CIRCUIT COURT
v.                   HONORABLE JENNIFER WILCOX, JUDGE
                     ACTION NO. 15-CI-400371


NATIONSTAR MORTGAGE LLC                                              APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, COMBS, AND EASTON, JUDGES.

COMBS, JUDGE:  Scot Evanson and his former spouse, Lori Evanson, challenge the summary judgment of the Jefferson Circuit Court entered October 2, 2023, in favor of Nationstar Mortgage LLC (Nationstar) in a foreclosure action. After our review, we affirm.

In 1993, the Evansons obtained a loan and executed a note and mortgage to purchase a house on Rock Falls Trace in Louisville. They divorced in 2011. Scot moved to his second house in Tennessee. Lori continued to reside at the residence at Rock Falls Trace, and Scot agreed to make monthly payments toward the home loan. However, Scot did not provide the mortgage holder with notice of his change of address, and Lori chose not to open mail concerning the mortgage. Instead, she bagged up the mail periodically and gave it to her son to deliver to Scot in Tennessee.

The Evansons failed to make their July and August 2013 mortgage payments. While they caught up and became current on those payments by October 2013, they again encountered problems by failing to review notices sent to the property regarding the terms of the mortgage. For instance, the Evansons failed to respond to Nationstar's repeated requests for proof that the home was properly insured. As a result, Nationstar procured the necessary insurance. It then increased the Evansons' monthly payment to compensate for the cost of the insurance and notified the Evansons of the change. Unaware of the contents of notices mailed to them at the property, the Evansons failed to pay the increase in the mortgage payment. While they caught up on overdue payments a few times, by July 2014, they were again in default. Nationstar sent written notice to the property advising of the default and of how the default could be cured. The notice

warned that the terms of the loan would be accelerated if the Evansons failed to cure the default, potentially resulting in the foreclosure and sale of the property. When once again the Evansons failed to provide proof that they had insured the property, Nationstar renewed its insurance coverage in August 2014.

In February 2015, Nationstar filed a complaint for foreclosure. Nationstar alleged that it was in possession of the original note indorsed in blank and attached to the complaint copies of the note, mortgage, and an assignment of the mortgage. The Evansons failed to defend against the action, and Nationstar obtained a default judgment and order of sale in August. Scot eventually filed a motion to vacate the judgment and order of sale, and the motion was granted.

The litigation continued, and in May 2016, the Evansons filed a motion asking the court to order Nationstar to accept their offer to pay the outstanding principal and interest and to release the mortgage. Following a hearing, the trial court denied the motion. In July 2016, the Evansons filed a counterclaim asserting that their alleged default was occasioned by Nationstar's refusal to accept their payments or its misapplication of their monthly payments. They alleged that they were entitled to recover money damages for injury to their reputations and credit scores. Nationstar answered and denied the allegations.

In January 2022, Nationstar filed a motion for summary judgment. In responding to the motion, the Evansons argued that summary judgment was

premature; that Nationstar failed to act in good faith during its telephone conversations with Scot; that Nationstar failed to provide sufficient evidence of the amounts due; and that Nationstar failed to mitigate its losses when it rejected their offer of payment made after the foreclosure proceedings were initiated.

The court's master commissioner recommended that the court grant Nationstar's motion. She determined that the Evansons' default was "primarily the result of problematic record keeping" on their part. She observed that there had been no allegation that the content of the notices provided to the Evansons was inadequate or that the mail had not been delivered to the property's address. She concluded that "[i]t is entirely reasonable to expect a homeowner to check their mail, and if necessary, read the contents of correspondence from the servicer of their home loan." The master commissioner concluded that Nationstar had supported its claim with substantial evidence and that it had no legal obligation to accept the Evansons' tender of less than full payment of the outstanding balance.

In March 2023, Nationstar renewed its motion for summary judgment. Attached to the summary judgment motion was the affidavit of an assistant vice president of Nationstar and the regularly maintained business records relating to the Evansons' home mortgage loan. The Evansons again opposed the motion. By its order of October 2, 2023, the trial court granted Nationstar's motion. Its order of sale was duly entered. This appeal followed.

The Evansons contend that the trial court erred in two ways. First, they argue that disputed issues of material facts concerning their counterclaim precluded entry of summary judgment. Next, they contend that Nationstar failed to mitigate its damages when it refused to accept their offer of partial payment. We disagree with both arguments.

Our rules of civil procedure (CR) provide that summary judgment may be granted where pleadings, stipulations, discovery, and affidavits indicate that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. CR 56. We review a trial court's grant of summary judgment *de novo* in order to consider whether the trial court correctly determined that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *Gonzalez v. Johnson*, 581 S.W.3d 529 (Ky. 2019).

While Nationstar strongly disagrees, the Evansons argue on appeal that their counterclaim sufficiently alleged that Nationstar failed to interact with Scot in good faith and that it breached its duty to engage in fair dealing. They explain that Scot "made repeated attempts to reach Nationstar by phone for information on his account leading up to the foreclosure and more often than not got off the phone no more edified than before he called." They argue that when Scot "would receive a reasonable explanation from Nationstar[,] he would make

his best efforts to correct the issue" -- but that Nationstar simply failed to act in good faith.

However, there is no evidence in the record to indicate that Nationstar acted in a manner inconsistent with the requirements of the mortgage agreement. The agreement required that the property be insured. When the Evansons failed to produce evidence proving that the property was properly insured, Nationstar was entitled to insure the property and, in turn, to charge the Evansons for the cost. Moreover, the mortgage agreement clearly provided the manner in which the parties would communicate and the consequences of default. The Evansons offered no proof of a breach of the terms of the mortgage agreement on the part of Nationstar. And, while Kentucky recognizes the obligation of good faith performance of contracts, violation of the covenant of good faith alone does not give rise to an independent cause of action (with the exception of insurance contracts). *J.S. v. Berla*, 456 S.W.3d 19 (Ky. App. 2015). We are persuaded that the trial court did not err by granting summary judgment to Nationstar with respect to this claim.

Next, the Evansons argue that Nationstar had a duty to mitigate its damages by accepting their offer to pay a portion of the sum that Nationstar sought to recover through the foreclosure action. They contend that their offer was made "without conditions," but "[r]ather than accept the payment and crediting the

Evansons' account, Nationstar wrongfully refused to accept anything less than the full amount it claimed was due." The Evansons argue that the trial court erred by failing to conclude that Nationstar waived its right to charge interest and late fees after they offered to make a partial payment toward their outstanding loan balance. Again, we disagree.

The parties' agreement memorialized the Evansons' obligation to pay a sum certain. The account had a known outstanding balance at each stage of the parties' relationship. While Kentucky generally imposes upon a nonbreaching party the duty to mitigate damages, the Supreme Court of Kentucky has clearly stated that the mitigation requirement "has no application to a contract to pay absolutely a certain sum of money." *Superior Woolen Co. Tailors, Inc. v. M. Samuels & Co., Inc.*, 219 Ky. 539, 293 S.W. 1078, 1079 (1927). This principle, "the *Woolen* rule," conforms to the fundamentals of mitigation. *See Branch Banking & Trust Co. v. Pacific Life Ins. Co.*, 985 F. Supp. 2d 844, 848-49 (W.D. Ky. 2013), *aff'd*, 645 F. App'x 387 (6th Cir. 2016) (citing Williston on Contracts § 66:96 (4th ed. 2013)). Pursuant to the mortgage agreement, Nationstar was entitled to receipt of a sum certain. It was under no obligation to accept a smaller sum in an effort to preserve its rights.

Accordingly, we affirm the judgment of the Jefferson Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANTS:

Andrew S. Zeh
Louisville, Kentucky

BRIEF FOR APPELLEE:

Bethany A. Breetz
Louisville, Kentucky

Neal F. Bailen
Louisville, Kentucky